UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> THE BLACK & DECKER CORPORATION, ) <br> BLACK & DECKER, INC., BLACK & DECKER ) <br> (U.S.) INC., EMHART CORPORATION, and ) <br> EMHART INDUSTRIES, INC., ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION <br> NO. 96-10804-DPW <br><br> [ANSONIA DERBY <br> NO. 1:04-CV-10651] |

### BLACK & DECKER'S MOTION FOR CONSIDERATION OF NEW ISSUE REGARDING THE ONE-YEAR REPORTING PROVISION

Black & Decker moves for further consideration of the applicability of the one-year reporting provision in Farrel policies. While the Court ruled on summary judgment[1] that the one-year reporting provision is enforceable, that provision is, nevertheless, not applicable so as to bar coverage of the Ansonia/Derby claims.

Both the one-year reporting provision and the so-called deemer clause (addressed in the Court's decision on post-trial motions regarding the Bostik and Whitman claims[2]) apply only to "injury to or destruction of property … which is caused by exposure to conditions over a period of days, weeks, months or longer." Both provisions utilize this language. In the Bostik/Whitman Decision, the Court analyzed that language in determining that the "injury" was not caused by "exposure to conditions." The same analysis requires the conclusion that the New Farrel and SHW complaints allege injury not caused by "exposure to conditions." Accordingly,

---

[1] The Court's decision of August 5, 2004 will be referred to as the Farrel Decision.

[2] The Court's decision of August 25, 2004 will be referred to as the Bostik/Whitman Decision.

the one-year reporting provision was not applicable to the claim that Black & Decker asserted as a result of the New Farrel and SHW complaints.  In view of the inapplicability of the one-year reporting provision, Black & Decker, not Liberty Mutual, is entitled to summary judgment with respect to the claims under the insurance policies containing that provision, i.e., the primary policies covering the period July 1, 1961 through November 1, 1967.

During the briefing and argument concerning the Farrel claim, there was emphasis on whether the one-year reporting provision was enforceable at all.  The Court ruled that the reporting provision was enforceable, see Farrel Decision at 12-22, and that it applied to domestic and foreign claims, id. at 11-12.  The Decision did not address whether the complaints in the underlying actions allege "injury to or destruction of property … which is caused by exposure to conditions over a period of days, weeks, months or longer" within the meaning of the reporting provision.  In view of the standard for determining the duty to defend, see Farrel Decision at 24-25, and the Court's subsequent decision concerning the meaning of injury caused by "exposure to conditions" in the Bostik/Whitman Decision, the complaints in the underlying New Farrel federal court action and SHW action do not allege the type of injury that is within the scope of the one-year reporting provision.

In the Bostik/Whitman Decision, the Court addressed the meaning of "injury to or destruction of property caused by exposure to conditions over a period of days, weeks, months or longer"[3] in insurance policies that Liberty Mutual issued to USM.  In that decision, the Court ruled that injury caused by "periodic, frequent exposures to various separate (even if materially identical) injurious causes" was not injury "caused by exposure to conditions over a period of

---

[3] This language is quoted at page 19 of the Bostik/Whitman Decision.  There, the Court addressed the same phrase, which was present in the so-called deemer clause of certain insurance policies.

days, weeks, months or longer"[4] because "each injurious incident is caused by a physically and temporally distinct cause, even if there is a high degree of repetition, and a legally discrete injury occurs each time" the physically distinct cause comes into operation. Bostik/Whitman Decision at 25-26. The Court noted that injury caused by "workers dumping solvent into waste pits or floor drains … or pipes repeatedly bursting and spilling oil, even if they burst quite frequently" were examples of injury that was not caused by continuous exposure to conditions. Id.

Here, the complaint in the New Farrel federal court action and the complaint in the SHW action include allegations of injury not caused by exposure to conditions over a period of days, weeks, months or longer. As the Court found, the New Farrel federal court complaint alleged that "'hazardous substances were spilled, released or disposed of into the environment'" as a result of operations that included "degreasing, scrap metal storage, storage of wastes in drums, tank storage of diesel fuel, disposal of slag and foundry wastes for fill, waste oil disposal, and cleaning of equipment sent to Derby for repair." Farrel Decision at 32. The SHW complaint alleged "that the site and groundwater beneath it 'were contaminated with heavy metals, polychlorinated biphenyls and other pollutants.'" Id. at 29. Such allegations are consistent with injury caused by "periodic, frequent exposures to various separate (even if materially identical) causes" that is not injury caused by continuous exposure to conditions. Bostik/Whitman Decision at 25. The allegations should be so construed, particularly in view of the standard that the duty to defend lies "'[i]f an allegation of the complaint falls even possibly within the scope of coverage,'" even if the allegation was "'gossamer thin.'" Farrel Decision at 24-25 (quoting Moore v. Cont'l Cas. Co., 746 A.2d 1252, 1254 (Conn. 2000), and Palace Laundry Co. v.

---

[4] There, the Court addressed the second sentence of the deemer clause, which referred to "such continuous or repeated exposure." "Such" refers back to the first sentence, which referred to "exposure to conditions over a period of days, weeks, months or longer."

Hartford Accident & Indem. Co., 234 A.2d 640, 645 (Conn. C.P. 1967)).  Those allegations, like the evidence at the trial concerning Bostik Middleton and Whitman, indicate "that, at least for some aspects of injury at each site, the damage was caused by many individual instances of small-scale exposure, each causing an independent injury" and not by exposure to conditions over a period of time.  Bostik/Whitman Decision at 26.

Accordingly, the allegations in the New Farrel federal complaint and the SHW complaint place those complaints outside the scope of the one-year reporting provision for purposes of the duty to defend.  Based on the inapplicability of the one-year reporting provision and the Court's rulings in connection with the 1967-1971 Farrel policies, the Court should grant Black & Decker's motion for partial summary judgment as to both the duty to defend and the duty to indemnify for the SHW complaint and the New Farrel federal complaint under the 1961-1967 Farrel policies and deny the Liberty Mutual motion for partial summary judgment with respect to the SHW complaint and the New Farrel federal complaint under those policies.

Respectfully submitted,

/s/Jack R. Pirozzolo
Jack R. Pirozzolo, BBO# 400400
Richard L. Binder, BBO# 043240
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts  02110
(617) 482-5470