# EXHIBIT C

GL 00 29
(Ed. 10/81)

-1-

BLANK INSURANCE COMPANY

(A_____ insurance company, herein called the company)[4]

Pollution Liability Insurance

[THIS IS A CLAIMS MADE POLICY - PLEASE READ CAREFULLY][1]

In consideration of the payment of the premium, in reliance upon the statements in the declarations made a part hereof, and subject to all terms of this policy, the company agrees with the named insured as follows:

I.  POLLUTION LIABILITY COVERAGE

A.  The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as compensatory damages because of bodily injury or property damage to which this insurance applies, provided that:

(1)  such bodily injury or property damage is caused by a pollution incident which commences subsequent to the retroactive date shown in the declarations of this policy; and

(2)  the claim for such damages is first made against the insured during the policy period and reported to the company during the policy period or within fifteen days after its termination.

A claim shall be deemed to have been made only when suit is brought or written notice of such claim is received by either the insured or the company.

All claims for damages because of bodily injury or property damage sustained by any one person or organization as a result of any one pollution incident shall be deemed to have been made at the time the first of those claims is made.

The company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false, or fraudulent. The company may make such investigation and settlement of any claim or suit as it deems expedient. The company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

B.  The company will reimburse the insured for reasonable and necessary clean-up costs incurred by the insured in the discharge of a legal obligation validly imposed through governmental action which is initiated during the policy period, provided that:

Copyright, Insurance Services Office, 1981

-2-

(1)   such clean-up costs are incurred because of environmental damage to
      which this insurance applies; and

(2)   the environmental damage is caused by a pollution incident which
      commences subsequent to the retroactive date shown in the declarations
      of this policy.

The company shall have the right, but not the duty, to participate at its
expense in any proceeding seeking to impose legal obligations because of
such environmental damage.

The company will also reimburse the insured for other clean-up costs which
the insured incurs, provided that:

(1)   the clean-up costs are reasonable and necessary; and

(2)   during the policy period, the company grants the insured prior
      written consent to undertake the clean-up.  The company will grant
      its consent when, in its sole discretion, a pollution incident which
      commences subsequent to the retroactive date shown in the declarations
      of this policy or the threat of a pollution incident presents an
      imminent and substantial danger of bodily injury, property damage, or
      environmental damage to which this insurance applies.


EXCLUSIONS

This insurance does not apply:

(a)   to bodily injury, property damage, or environmental damage which is
      expected or intended from the standpoint of the insured;

(b)   to liability assumed by the insured under any contract or agreement,
      but this exclusion does not apply to liability that the insured would
      have in the absence of such contract or agreement;

(c)   to any obligation for which the insured or any carrier as his insurer
      may be held liable under any workers' compensation, unemployment
      compensation, or disability benefits law, or under any similar
      law;

(d)   to bodily injury to any employee of the insured arising out of and
      in the course of his employment by the insured or to any obligation
      of the insured to indemnify another because of damages arising out
      of such injury;

(e)   to property damage or environmental damage to

      (1)   an insured site, or

      (2)   property owned or occupied by or rented to the insured, or

Copyright, Insurance Services Office, 1981

-3-

(3) property used by the <u>insured</u>, or

(4) property in the care, custody, or control of the <u>insured</u> or as to which the <u>insured</u> is for any purpose exercising physical control;

(f) to <u>property damage</u> or <u>environmental damage</u> to premises alienated by the <u>named insured</u> arising out of such premises or any part thereof;

(g) to <u>bodily injury</u>, <u>property damage</u>, or <u>environmental damage</u> included within the <u>completed operations hazard</u> or the <u>products hazard</u>, and arising out of an emission, discharge, release, or escape which takes place away from any <u>insured site</u> owned by, rented or loaned to a <u>named insured</u>;

(h) to <u>bodily injury</u>, <u>property damage</u>, or <u>environmental damage</u> arising out of the ownership or operation of any "offshore facility" as defined in the Outer Continental Shelf Lands Act Amendment of 1978 or the Clean Water Act of 1977 as amended 1978, or any "deepwater port" as defined in the Deepwater Port Act of 1974, as amended or as may be amended;

(i) to <u>bodily injury</u>, <u>property damage</u>, or <u>environmental damage</u> arising out of any <u>pollution incident</u> emanating from a site used for the storage, disposal, processing, or treatment of any waste material, if the <u>pollution incident</u> occurs after the site is no longer in active use because of sealing off, abandonment, alienation, or closure, whether or not in compliance with the requirements of any statute, regulation, ordinance, directive, or order promulgated by any govern- mental body;

(j) to <u>bodily injury</u>, <u>property damage</u>, or <u>environmental damage</u> arising out of the ownership, maintenance, operation, use, loading, or unloading of

(1) any aircraft, <u>automobile</u>, rolling stock, or watercraft owned or operated by or rented or loaned to any <u>insured</u>, or

(2) any other aircraft, <u>automobile</u>, rolling stock, or watercraft operated by any person in the course of employment by any <u>insured</u>;

(k) to <u>bodily injury</u>, <u>property damage</u>, or <u>environmental damage</u> arising out of the emission, discharge, release, or escape of drilling fluid, oil, gas, or other fluids from any oil, gas, mineral, water, or geothermal well;

Copyright, Insurance Services Office, 1981

-4-

(l)  to <u>bodily injury</u>, <u>property damage</u>, or <u>environmental damage</u> arising
     out of a <u>pollution incident</u> which results from or is directly or
     indirectly attributable to failure to comply with any applicable
     statute, regulation, ordinance, directive, or order relating to the
     protection of the environment and promulgated by any governmental
     body, provided that failure to comply is a willful or deliberate
     act or omission of

     (1)  the <u>insured</u>, or

     (2)  any <u>named insured</u>, or any member, partner, or executive
          officer thereof;

(m)  to <u>bodily injury</u>, <u>property damage</u>, or <u>environmental damage</u> arising
     out of acid rain;

(n)  to <u>environmental damage</u> outside the United States of America, its
     territories or possesions, Puerto Rico, or Canada;

(o)  1.  to <u>bodily injury</u>, <u>property damage</u>, or <u>environmental damage</u>

         (a)  with respect to which an <u>insured</u> under the policy is
              also an <u>insured</u> under a nuclear energy liability policy
              issued by Nuclear Energy Liability Insurance Association,
              Mutual Atomic Energy Liability Underwriters, or Nuclear
              Insurance Association of Canada, or would be an <u>insured</u>
              under any such policy but for its termination upon
              exhaustion of its limit of liability; or

         (b)  resulting from the <u>hazardous properties</u> of <u>nuclear</u>
              <u>material</u> and with respect to which (1) any person
              or organization is required to maintain financial
              protection pursuant to the Atomic Energy Act of 1954,
              or any law amendatory thereof, or (2) the <u>insured</u> is,
              or had this policy not been issued would be, entitled
              to indemnity from the United States of America, or
              any agency thereof, under any agreement entered into
              by the United States of America, or any agency thereof,
              with any person or organization;

     2.  under the Supplementary Payments provision relating to first
         aid, to expenses incurred with respect to <u>bodily injury</u> result-
         ing from the <u>hazardous properties</u> of <u>nuclear material</u> and arising
         out of the operation of a <u>nuclear facility</u> by any person or
         organization;

     3.  to <u>bodily injury</u>, <u>property damage</u>, or <u>environmental damage</u>
         resulting from the <u>hazardous properties</u> of <u>nuclear material</u>,
         if

         (a)  the <u>nuclear material</u> (1) is at any <u>nuclear facility</u>
              owned by, or operated by or on behalf of, an <u>insured</u>
              or (2) has been discharged or dispersed therefrom;

Copyright, Insurance Services Office, 1981

-5-

(b)   the <u>nuclear material</u> is contained in <u>spent fuel</u>
      or <u>waste</u> at any time possessed, handled, used,
      processed, stored, transported, or disposed of by
      or on behalf of an <u>insured</u>; or

(c)   the <u>bodily injury</u>, <u>property damage</u>, or <u>environmental
      damage</u> arises out of the furnishing by an <u>insured</u> of
      services, materials, parts, or equipment in connection
      with the planning, construction, maintenance, operation,
      or use of any <u>nuclear facility</u>, but if such facility
      is located within the United States of America, its
      territories or possessions, or Canada, this exclusion
      (c) applies only to <u>property damage</u> to such <u>nuclear
      facility</u> and any property thereat.

As used in this exclusion:

"hazardous properties" include radioactive, toxic, or explosive
properties;

"nuclear material" means <u>source material</u>, <u>special nuclear material</u>,
or <u>byproduct material</u>;

"source material", "special nuclear material", and "byproduct material"
have the meanings given them in the Atomic Energy Act of 1954 or in
any law amendatory thereof;

"spent fuel" means any fuel element or fuel component, solid or
liquid, which has been used or exposed to radiation in a <u>nuclear
reactor</u>;

"waste" means any waste material (a) containing by-product material
other than the tailings or wastes produced by the extraction or
concentration of uranium or thorium from any ore processed primarily
for its <u>source material</u> content, and (b) resulting from the operation
by any person or organization of any <u>nuclear facility</u> included under
the first two paragraphs of the definition of <u>nuclear facility</u>;

"nuclear facility" means

(a)   any <u>nuclear reactor</u>,

(b)   any equipment or device designed or used for (1) separat-
      ing the isotopes of uranium or plutonium, (2) processing
      or utilizing <u>spent fuel</u>, or (3) handling, processing, or
      packaging <u>waste</u>,

Copyright, Insurance Services Office, 1981

-6-

(c)  any equipment or device used for the processing, fabricating, or alloying of special nuclear material if at any time the total amount of such material in the custody of the insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235,

(d)  any structure, basin, excavation, premises, or place prepared or used for the storage or disposal of waste,

and includes the site on which any of the foregoing is located, all operations conducted on such site, and all premises used for such operations;

"nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

"property damage" includes all forms of radioactive contamination of property.


### SUPPLEMENTARY PAYMENTS

The company will pay, in addition to the applicable limit of liability:

(a)  all expenses incurred by the company, all costs taxed against the insured in any suit defended by the company, and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the company's liability thereon;

(b)  premiums on appeal bonds required in any such suit and premiums on bonds to release attachments in any such suit for an amount not in excess of the applicable limit of liability of this policy, but the company shall have no obligation to apply for or furnish any such bonds;

(c)  expenses incurred by the insured for first aid to others at the time of any accident, for bodily injury to which this policy applies;

(d)  reasonable expenses incurred by the insured at the company's request in assisting the company in the investigation or defense of any claim or suit, including actual loss of earnings not to exceed $25 per day.


Copyright, Insurance Services Office, 1981

-7-

II.  PERSONS INSURED

Each of the following is an <u>insured</u> under this policy to the extent set
forth below:

(a)  if the <u>named insured</u> is designated in the declarations as an
individual, the person so designated, but only with respect to the
conduct of a business of which he is the sole proprietor, and the
spouse of the <u>named insured</u> with respect to the conduct of such a
business;

(b)  if the <u>named insured</u> is designated in the declarations as a
partnership or joint venture, the partnership or joint venture so
designated and any partner or member thereof, but only with respect
to his liability as such;

(c)  if the <u>named insured</u> is designated in the declarations as other than
an individual, partnership, or joint venture, the organization so
designated and any executive officer, director, or stockholder
thereof while acting within the scope of his duties as such;

(d)  any employee of the <u>named insured</u>, other than an executive officer,
while acting within the scope of his duties as such, but the insur-
ance afforded to such employee does not apply:

(1)  to <u>bodily injury</u> to (a) another employee of the
<u>named insured</u> arising out of or in the course of his
employment, or (b) the <u>named insured</u>, or, if the
<u>named insured</u> is a partnership or joint venture,
any partner or member thereof;

(2)  to <u>property damage</u> or <u>environmental damage</u> to
property owned, occupied or used by, rented to,
in the care, custody, or control of, or over
which physical control is being exercised for
any purpose by (a) another employee of the
<u>named insured</u> or (b) the <u>named insured</u>, or, if
the <u>named insured</u> is a partnership or joint
venture, any partner or member thereof.

This insurance does not apply to <u>bodily injury</u>, <u>property damage</u>, or
<u>environmental damage</u> arising out of the conduct of any partnership or
joint venture of which the <u>insured</u> is or was a partner or member and
which is not designated in this policy as a <u>named insured</u>.

Copyright, Insurance Services Office, 1981

-8-

III. LIMITS OF LIABILITY AND DEDUCTIBLE PROVISIONS

Regardless of the number of insureds under this policy, the number of claims made or suits brought, or the amount of clean-up costs incurred, the company's liability is limited as follows:

(a) The total liability of the company for all damages because of all bodily injury and property damage to which this insurance applies and all clean-up costs incurred because of all environmental damage to which this insurance applies shall not exceed the limit of liability stated in the declarations as "aggregate".

(b) Subject to the above provision with respect to "aggregate", the total liability of the company in any one pollution incident for all damages because of all bodily injury and property damage and all clean-up costs incurred because of all environmental damage shall not exceed the lesser of:

(1) the limit of liability stated in the declarations as "each pollution incident" reduced by the deductible amount, if any, shown therein, or

(2) the combined amount of such damages and clean-up costs in excess of any such deductible amount.

The company may, or will if required by law, pay part or all of the deductible amount to effect settlement of any claim or suit; and upon notification of the action taken, the named insured shall promptly reimburse the company for such part of the deductible amount as has been paid by the company.

IV. POLICY TERRITORY

This insurance applies only to bodily injury, property damage, or environmental damage caused by a pollution incident emanating from an insured site in the United States of America, its territories or possessions, Puerto Rico, or Canada, but not to any such bodily injury or property damage for which original suit for damages is brought elsewhere.

V. EXTENDED REPORTING PERIOD OPTION

If, for any reason other than non-payment of premium, the company cancels or refuses to renew this policy, the named insured may:

(1) by giving written notice to the company on or before the effective date of the cancellation, or no later than ten days after the effective date of non-renewal; and

Copyright, Insurance Services Office, 1981

(2) by paying promptly when due an additional premium of not more than 50% of the annual premium developed under this policy,

have an endorsement issued providing an extended reporting period of one year following the effective date of the cancellation or non-renewal. Any claims for damages because of bodily injury or property damage first made against the insured and reported to the company during that extended reporting period shall be deemed to be so made and reported during the policy period, but only if the bodily injury or property damage occurred prior to the effective date of the cancellation or non-renewal. All other provisions of this policy, including those relating to the company's limit of liability, shall be unchanged by this provision.

For the purpose of this provision, failure of the company to offer to renew this policy at the same rates or with the same form shall not constitute cancellation or non-renewal by the company.

VI.  DEFINITIONS

When used in this policy (including endorsements forming a part hereof):

"automobile" means a land motor vehicle, trailer, or semitrailer designed for travel on public roads (including any machinery or apparatus attached thereto), but does not include mobile equipment;

"bodily injury" means bodily injury, sickness, or disease sustained by any person, including death at any time resulting therefrom;

"clean-up costs" means expenses for the removal or neutralization of contaminants, irritants, or pollutants;

"completed operations hazard" includes bodily injury, property damage, and environmental damage arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury, property damage, or environmental damage occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the named insured. "Operations" include materials, parts, or equipment furnished in connection therewith. Operations shall be deemed completed at the earliest of the following times:

Copyright, Insurance Services Office, 1981

-10-

(1)  when all operations to be performed by or on behalf of the named insured under the contract have been completed, or

(2)  when all operations to be performed by or on behalf of the named insured at the site of the operations have been completed, or

(3)  when the portion of the work out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

Operations which may require further service or maintenance work, or correction, repair, or replacement because of any defect or deficiency, but which are otherwise complete, shall be deemed completed.

The completed operations hazard does not include bodily injury, property damage, or environmental damage arising out of:

(1)  operations in connection with the transportation of property unless the bodily injury, property damage, or environmental damage arises out of a condition in or on a vehicle created by the loading or unloading thereof, or

(2)  the existence of tools, uninstalled equipment, or abandoned or unused materials;

"environmental damage" means the injurious presence in or upon land, the atmosphere, or any watercourse or body of water of solid, liquid, gaseous, or thermal contaminants, irritants, or pollutants;

"insured" means any person or organization qualifying as an insured in the "Persons Insured" provision of this policy.  The insurance afforded applies separately to each insured against whom claim is made or suit is brought, except with respect to the limits of the company's liability;

"insured site" means

(1)  the specific location or part thereof specified as such in the declarations of this policy, or

(2)  any site to which waste materials were legally consigned or delivered by a named insured for storage, disposal, processing, or treatment, provided that the site

Copyright, Insurance Services Office, 1981

-11-

 (a)  is not and was never owned by, operated by, rented or
     loaned to a named insured; and

 (b)  was duly authorized for such storage, disposal,
     processing, or treatment under a permit issued by
     state or federal authority and in force at the
     time of all such consignment or delivery.

The coverage with respect to an "insured site" under part (2) of this
definition shall be excess insurance over any other valid and collectible
insurance available to the insured;

"mobile equipment" means a land vehicle (including any machinery or
apparatus attached thereto), whether or not self propelled, (1) not
subject to motor vehicle registration, or (2) maintained for use
exclusively on premises owned by or rented to the named insured, including
the ways immediately adjoining, or (3) designed for use principally off
public roads, or (4) designed or maintained for the sole purpose of
affording mobility to equipment of the following types forming an integral
part of or permanently attached to such vehicle: power cranes, shovels,
loaders, diggers, and drills; concrete mixers (other than the mix-in-transit
type); graders, scrapers, rollers, and other road corstruction or repair
equipment; air-compressors, pumps, and generators, including spraying,
welding, and building cleaning equipment; and geophysical exploration and
well servicing equipment;

"named insured" means the person or organization named in Item 1 of the
declarations of this policy;

'named insured's products" means goods or products manufactured, sold,
handled, or distributed by the named insured or by others trading under
his name, including any container therefor (other than a vehicle); but
"named insured's products" shall not include a vending machine or any
property other than such container rented to or located for use of others
but not sold;

"pollution incident" means emission, discharge, release, or escape of any
solid, liquid, gaseous, or thermal contaminants, irritants, or pollutants
directly from the insured site into or upon land, the atmosphere, or any
watercourse or body of water, provided that such emission, discharge,
release, or escape results in environmental damage.  The entirety of any
sudden or gradual emission, discharge, release, or escape from an insured
site shall be deemed to be one "pollution incident";

Copyright, Insurance Services Office, 1981

-12-

"products hazard" includes bodily injury, property damage, and environ-
mental damage arising out of the named insured's products or reliance
upon representation or warranty made at any time with respect thereto,
but only if the bodily injury, property damage, or environmental
damage occurs away from premises owned by or rented to the named
insured and after physical possession of such products has been
relinquished to others;

"property damage" means (1) physical injury to, destruction of, or con-
tamination of tangible property, including the loss of use thereof at any
time resulting therefrom, or (2) loss of use of tangible property which
has not been physically injured, destroyed, or contaminated but has been
evacuated, withdrawn from use, or rendered inaccessible because of a
pollution incident.

## VII. CONDITIONS

1. PREMIUM

   All premiums for this policy shall be computed in accordance with the
   company's rules, rates, rating plans, premiums, and minimum premiums
   applicable to the insurance afforded herein.

   Premium designated in this policy as "advance premium" is a deposit
   premium only which shall be credited to the amount of the earned
   premium due at the end of the policy period.  At the end of each
   period (or part thereof terminating with the end of the policy
   period) designated in the declarations as the audit period, the earned
   premium shall be computed for such period and, upon notice thereof to
   the named insured, shall become due and payable.  If the total earned
   premium for the policy period is less than the premium previously
   paid, the company shall return to the named insured the unearned
   portion paid by the named insured.

   The named insured shall maintain records of such information as is
   necessary for premium computation, and shall send copies of such
   records to the company at the end of the policy period and at such
   times during the policy period as the company may direct.

2. INSPECTION AND AUDIT

   The company shall be permitted but not obligated to inspect the named
   insured's property and operations at any time.  Neither the company's
   right to make inspections nor the making thereof nor any report
   thereon shall constitute an undertaking, on behalf of or for the
   benefit of the named insured or others, to determine or warrant that
   such property or operations are safe or healthful, or are in compliance
   with any law, rule, or regulation.

Copyright, Insurance Services Office, 1981

-13-

The company may examine and audit the named insured's books and
records at any time during the policy period and extensions thereof
and within three years after the final termination of this policy, as
far as they relate to the subject matter of this insurance.

3.    ASSISTANCE AND COOPERATION OF INSURED

The insured shall give written notice to the company as soon as
practicable of:

(1) any claim made against the insured; or

(2) any action or proceeding to impose an obligation on the insured
    for clean-up costs.

The notice shall identify the insured and contain reasonably obtainable
information with respect to the time, place, circumstances, and nature
of the incident, injury, or damage, including the names and addresses
of any persons or organizations sustaining injury or damage and of
available witnesses. If a claim is made, a suit is brought, or an
action is initiated against the insured, the insured shall immediately
forward to the company every demand, notice, summons, or other process
received by the insured or the insured's representatives.

The insured and each of its employees shall cooperate with the
company and, upon the company's request, assist in (a) making settlements,
(b) the conduct of suits or proceedings, and (c) enforcing any right of
contribution or indemnity against any person or organization who may
be liable to the insured because of injury or damage with respect to
which insurance is afforded under this policy; and the insured, and
any of its members, partners, officers, directors, administrators,
stockholders, and employees that the company deems necessary, shall
attend hearings and trials and assist in securing and giving evidence
and obtaining the attendance of witnesses. The insured shall not,
except at the insured's own cost, voluntarily make any payment,
assume any obligation, or incur any expense.

4.    ACTION AGAINST COMPANY

No action shall lie against the company unless, as a condition
precedent thereto, there shall have been full compliance with
all of the terms of this policy, nor until the amount of the
insured's obligation to pay shall have been finally determined
either by judgment against the insured after actual trial or by
written agreement of the insured, the claimant, and the company.

Any person or organization or the legal representative thereof who
has secured such judgment or written agreement shall thereafter be
entitled to recover under this policy to the extent of the insurance

Copyright, Insurance Services Office, 1981

-14-

afforded by this policy. No person or organization shall have any
right under this policy to join the company as a party to any action
against the insured to determine the insured's liability, nor shall
the company be impleaded by the insured or his legal representative.
Bankruptcy or insolvency of the insured or of the insured's estate
shall not relieve the company of any of its obligations hereunder.

5. OTHER INSURANCE

The insurance afforded by this policy is primary insurance, except
when stated to apply in excess of or contingent upon the absence of other
insurance. When this insurance is primary and the insured has other
insurance which is stated to be applicable to the loss on an excess or
contingent basis, the amount of the company's liability under this
policy shall not be reduced by the existence of such other insurance.

When both this insurance and other insurance apply to the loss on the
same basis, whether primary, excess, or contingent, the company shall
not be liable under this policy for a greater proportion of the loss
than that stated in the applicable contribution provision below:

(a) Contribution by Equal Shares. If all of such other valid and
collectible insurance provides for contribution by equal shares,
the company shall not be liable for a greater proportion of such
loss than would be payable if each insurer contributes an equal
share until the share of each insurer equals the lowest applicable
limit of liability under any one policy or the full amount of
the loss is paid; and, with respect to any amount of loss not so
paid, the remaining insurers then continue to contribute equal
shares of the remaining amount of the loss until each such
insurer has paid its limit in full or the full amount of the
loss is paid.

(b) Contribution by Limits. If any of such other insurance does
not provide for contribution by equal shares, the company shall
not be liable for a greater proportion of such loss than the
applicable limit of liability under this policy for such loss
bears to the total applicable limit of liability of all valid
and collectible insurance against such loss.

6. SUBROGATION

In the event of any payment under this policy, the company shall
be subrogated to all the insured's rights of recovery therefor
against any person or organization and the insured shall execute and
deliver instruments and papers and do whatever else is necessary to
secure such rights. The insured shall do nothing after loss to
prejudice such rights.

Copyright, Insurance Services Office, 1981

-15-

7.  CHANGES

Notice to any agent or knowledge possessed by any agent or by any
other person shall not effect a waiver or a change in any part
of this policy or estop the company from asserting any right under
the terms of this policy, nor shall the terms of this policy be
waived or changed, except by endorsement issued to form a part
of this policy.

8.  ASSIGNMENT

Assignment of interest under this policy shall not bind the company
until its consent is endorsed hereon; if, however, the named insured
shall die, such insurance as is afforded by this policy shall apply
(1) to the named insured's legal representative, as the named insured,
but only while acting within the scope of his duties as such, and (2)
with respect to the property of the named insured, to the person
having proper temporary custody thereof, as insured, but only until
the appointment and qualification of the legal representative.

9.  CANCELLATION

This policy may be cancelled by the named insured by mailing to
the company written notice stating when thereafter the cancella-
tion shall be effective.  This policy may be cancelled by the
company by mailing to the named insured, at the address shown
in this policy, written notice stating when not less than thirty
days thereafter such cancellation shall be effective.  The
mailing of notice as aforesaid shall be sufficient proof of
notice.

The effective date of cancellation stated in the notice shall
become the end of the policy period.  Delivery of such written
notice either by the named insured or by the company shall be
equivalent to mailing.

If this policy is issued to comply with any law or regulation
which requires notice of cancellation to any governmental body,
cancellation may not be effected until the required notice has
been provided by the named insured or the company.

If the company cancels, earned premium shall be computed pro rata.
If the named insured cancels, the earned premium shall be the pro
rata earned premium plus 10% of the pro rata unearned premium.
Premium adjustment may be made either at the time cancellation
is effected or as soon as practicable after cancellation becomes
effective, but payment or tender of unearned premium is not a
condition of cancellation.

10.  DECLARATIONS

By acceptance of this policy, the named insured agrees that the
statements in the declarations are his agreements and represen-
tations, that this policy is issued in reliance upon the truth
of such representations, and that this policy embodies all agree-
ments existing between himself and the company or any of its
agents relating to this insurance.

Copyright, Insurance Services Office, 1981