# EXHIBIT E

ENVIRONMENTAL PROTECTION LIABILITY

THIS IS A CLAIMS MADE POLICY for which coverage is limited to claims first made against the Insured during the Policy Period.

## DECLARATIONS

I. NAMED INSURED: _____

II. P. O. ADDRESS: _____
_____
_____
_____

III. POLICY PERIOD: From _____ to _____
12:01 A.M. standard time at the address of the Named Insured above.

IV. BUSINESS OF INSURED: _____
_____
_____
_____

V. LOCATIONS COVERED: _____
_____
_____
_____
_____

VI. LIMITS OF LIABILITY
1. $_____ any one claim
2. $_____ aggregate for Policy Period or Annual Period whichever is shorter.

VII. DEDUCTIBLE: The Insured shall, in respect of any one claim bear:
The first $ _____.

VIII. PREMIUM: $ _____ M&D
ADJUSTABLE RATE: _____ per _____.

_____
Authorized Representative

ENVIRONMENTAL PROTECTION LIABILITY

In consideration of the payment of the premium, in reliance upon the statements in the Declarations made a part hereof and subject to the terms, conditions and limitations expressed herein the Insurer agrees with the Named Insured as follows:

I. INSURING AGREEMENTS

   A. To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay for compensatory but <u>not punitive or exemplary damages</u> as a result of CLAIMS FIRST MADE AGAINST THE INSURED DURING THE POLICY PERIOD OR WITHIN THE DISCOVERY PERIOD, IF APPLICABLE, FOR:

      1. Personal Injury

      2. Property Damage

      3. Impairment or diminution of or other interference with any other environmental right or amenity protected by law;

      caused by Environmental Impairment and arising out of or in the course of the Insured's business and/or locations both as specifically designated in the Policy Declarations.

   B. The Insurer shall further reimburse the Insured for costs and expenses of operations designed to remove, neutralize or clean up <u>outside of the Insured's premises</u> any substance released or escaped which had caused Environmental Impairment, or could cause Environmental Impairment if not removed, neutralized or cleaned up, to the extent that such costs and expenses have been incurred or have become payable by the Insured as a result of a legal obligation or in an endeavor to avert a loss covered by this policy, provided that such costs and expenses, except in respect of emergency measures undertaken to avert loss, are incurred with prior written consent of Insurer, such consent not to be unreasonably withheld.

   C. <u>In addition to the applicable Limit</u> of Liability as stated in Item VI of the Policy Declarations, the Insurer shall, with respects to coverage afforded by this policy, pay for <u>defense costs</u> and expenses incurred from the defense of any suit against the Insured including the appeal thereof. The Insurer shall further have the right and duty to defend such suits whether or not the allegations of such suits are groundless, false or fraudulent and may make such investigation and settlement of any claim or suit as it deems expedient.

If a suit should be brought against the Insured on any claim falling within the coverage afforded by this policy seeking both compensatory and punitive damages, the Insurer will defend such suit, but will not be responsible for that portion of a judgment or settlement, if any, attributable to punitive or exemplary damages.

The Insurer shall not be obligated to pay any claim or judgment or to defend or continue to defend any suit or claim after the applicable limit of Insurer's liability has been exhausted by payment of judgments or settlements.

II. <u>EXCLUSIONS</u>

This policy does not apply to:

A. Any liability of the Insured directly or indirectly occasioned by, happening through or in consequence of war, invasion, acts of foreign enemies, hostilities (whether war be declared or not), civil war, rebellion, revolution, insurrection, military or usurped power or confiscation or nationalization or requisition or destruction of or damage to property by or under the order of any government or public or local authority.

B. Liability in respect of any legal liability of whatsoever nature directly or indirectly caused by or contributed to, by or arising from:

1. Ionizing radiations or contamination by radioactivity from any nuclear fuel or from any nuclear waste from the combustion of nuclear fuel;

2. The radioactive, toxic, explosive or other hazardous properties of any explosive nuclear assembly or nuclear component thereof.

C. 1. Any obligation for which the Insured or any carrier as its Insurer may be held liable under Worker's Compensation, unemployment compensation or disability benefits law, or similar law.

2. Liability for personal injury to any employee of the Insured arising out of and in the course of his employment by the Insured.

D.  Liability arising out of Environmental Impairment, which impairment is attributable to the Insured's noncompliance with any valid and applicable statute, regulation or written instruction relating to Environmental Impairment issued by a competent authority, if, after such non-compliance becomes actually known by any officer or director of the Insured or any employee with specific responsibility for environmental control, the Insured fails to take reasonable and necessary action, in a timely and proper manner, to rectify such noncompliance.

PROVIDED ALWAYS, that until the next renewal date of this policy, this exclusion shall not apply to the Insured's noncompliance to the extent such is covered by a compliance schedule or program or waiver of compliance contained in a permit, order or other valid instruction of a competent governmental authority.

E.  Any amount which the Insured may become obligated to pay for fines or statutory penalties whether imposed by law or otherwise.

F.  Liability for or costs or expenses of or in connection with:

  1.  Correcting pre-existing conditions at any premises owned, leased or rented by the Insured or for which the Insured may otherwise be responsible,

  2.  Any clearing-up operations reasonably considered to be routine and normal in connection with the business of the Insured,

  3.  Upgrading, monitoring, neutralizing, restoring, land-filling, cleaning-up or inactivating any waste disposal sites used directly or indirectly by the Insured or for which they may otherwise be responsible.

PROVIDED ALWAYS, that notwithstanding this exclusion (F1, 2 & 3) the coverage provided by this insurance shall apply, subject to the terms and conditions of the policy, to Environmental Impairment arising away from any such premises or outside of any such disposal sites designated in Item V of the Declarations.

G.  Liability arising from any dumping of toxic or radioactive substances in the open sea.

- 3 -

Unless specifically endorsed hereon, this policy further does not apply to:

H.  Liability arising from the ownership, possession or use by or on behalf of the Insured of:

   1. Any automobile (meaning a land motor vehicle, trailer or semi-trailer designed for travel on public roads and subject to motor vehicle registration), including any machinery or apparatus attached thereto;

   2. Any vessel or craft made or intended to float on or in or travel through water, air or space;

   3. Oil or gas drilling platforms situated offshore,

   4. Deep water ports.

I.  Liability arising from the ownership, possession or operation of airports.

J.  Liability arising from Environmental Impairment due to a sudden, unintended and unexpected happening.

K.  Liability of others assumed by the Insured under contract or agreement, unless such liability would have attached to the Insured even in the absence of such agreement.

L.  Liability arising from:

   1. Any commodity, article or thing including containers thereof, manufactured, supplied, repaired, altered or treated by the Insured and happening elsewhere than at the Insured's premises after the Insured has ceased to own and exercise physical control over such commodity, article or thing.

   2. Any operations, installations, erections, repairs or treatments performed elsewhere than at the Insured's premises by the Insured for others after such operations, installations, erections, repairs or treatments have been completed.

M.  Liability in respect of damage to property:

- 4 -

      1. Owned or occupied by or rented to the Insured;

      2. Used by the Insured; or

      3. In the care, custody or control of the Insured or as to which the Insured is for any purpose exercising physical control; provided, however, that this exclusion does not apply to property while within or upon premises owned by or rented to the Insured for the parking of automobiles.

III. **TERRITORY**

    A. The insurance afforded by this policy applies to claims brought in the United States of America, its territories or possessions and Canada, arising out of Environmental Impairment occurring within the United States of America, its territories or possessions and Canada.

IV. **THE INSURED**

    A. The unqualified word "Insured" wherever used in this policy includes not only the Named Insured as stated in the Policy Declarations, but also:

      1. Any officer, director or stockholder of the Named Insured while acting within the scope of his duties as such, and if the Named Insured is or includes a partnership or joint venture, any partner or member thereof, but only with respect to his liability as such.

      2. Any employee of the Named Insured while acting within the scope of his duties as such.

      3. Any person or organization while acting as agent with respect to real estate management for the Named Insured.

      4. Any person, organization, trustee, executor or administrator of an estate to whom the Named Insured is obligated by virtue of a written contract or agreement to provide insurance such as is afforded by this policy, but only

- 5 -

with respect to operations by or on behalf of the Named Insured or to facilities owned or used by the Named Insured;

PROVIDED, however, that coverage afforded by this policy does not apply to the conduct of any partnership or joint venture of which the Insured is a partner or member and which is not designated in the Declarations as a Named Insured.

V. <u>DEDUCTIBLE</u>

The deductible amount as stated in Item VII of the Policy Declarations shall be paid by the Named Insured and shall be applicable to each Environmental Impairment and shall include loss payments, claim expenses and clean-up costs, whether or not loss payment is actually made. The Insurer may pay any part or all of the deductible amount to effect settlement of any claim or suit and upon notification of the action taken, the Named Insured shall within ten (10) days of such notification, reimburse the Insurer for such part of the deductible amount as has been paid by the Insurer.

VI. <u>LIMITS OF LIABILITY</u>

A. The liability of the Insurer for CLAIMS FIRST MADE AGAINST THE INSURED DURING THE POLICY PERIOD is limited as follows:

1. The total liability of the Insurer for all claims including clean-up costs incurred hereunder as a result of each Environmental Impairment shall not exceed the Limit of Liability as stated in Item VI-1 of the Policy Declarations.

2. Subject to the above provision regarding each Environmental Impairment, the total liability of the Insurer shall not exceed the Limit of Liability as stated in Item VI-2 of the Policy Declarations as aggregate.

   The inclusion or addition of more than one Insured shall not operate to increase the Insurer's Limits of Liability as stated in the Policy Declarations.

VII. CONDITIONS

    A. This policy and the Declarations shall be read together as one contract and any word or expression to which a specific meaning has been attached in any part of this policy or of the Declarations shall bear such specific meaning wherever it may appear.

    B. The statements in the application and Policy Declarations are the Insured's agreements and representations and this policy is issued in reliance upon the truth of such representations and embodies all agreements existing between the Insured and the Insurer or any of their agents relating to this insurance.

    C. No action shall lie against the Insurer unless, as a condition precedent thereto, the Insured shall have fully complied with all the terms of this policy, nor until the amount of the Insured's obligation to pay shall have been fully and finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant and the Insurer.

    D. If the premium for this policy has been calculated on any estimates furnished by the Insured, the Insured shall keep an accurate record containing all particulars relative thereto and shall at all times allow the Insurers to inspect such records. The Insured shall, within ninety (90) days from the expiry of the policy period furnish to the Insurer such particulars and information as the Insurer may require. The premium for such period shall thereupon be adjusted and the difference paid by or allowed to the Insured, as the case may be.

    E. This policy shall not be called upon in contribution and no liability shall attach hereunder for any injury, loss, damage, costs or expenses recoverable under any other insurance inuring to the benefit of the Insured, unless such other insurance is written as specific excess insurance over the Limits of Liability provided by this policy.

    F. If at any time a change shall occur materially varying any of the facts declared to the Insurer prior to the inception of this policy, or if the Insured shall subsequently receive information indicating a material increase in the exposures to which this policy relates, the Insured shall, within thirty (30) days of such change or information becoming known, give notice in

   writing to the Insurer and the terms of this policy shall then be subject to renegotiation with regard to any new, additional or increased exposures resulting from such change or information.

 G. The Insurer or its representative, (as designated by the Insurer in writing), shall at all reasonable times have access to the Insured property to which this policy relates, for the purpose of conducting inspections. Such access and inspections shall always be carried out without detriment to the health and safety of persons or the orderly conduct of operations on the Insured's premises. All such inspections shall be in the presence of a designated representative of the Insured. In the event of any defect or danger being apparent to the Insurer which the Insured can reasonably be expected to correct or minimize, the Insurer, without prejudice to the provisions of Exclusion D may give notice in writing to the Insured, and thereupon all liability of the Insurer in respect of such defect or danger or arising therefrom shall be suspended until the same be corrected or minimized to the satisfaction of the Insurers.

   Neither the right of the Insurer or any person or organization to make such inspections nor the making thereof nor any report thereon shall constitute an undertaking on behalf of or for the benefit of the Insured or others to determine or warrant that such property is safe or in compliance with any law, rule or regulation.

 H. Assignment of interest under this policy shall not bind the Insurer unless its consent is endorsed hereon.

VIII. <u>CLAIM OR SUIT PROVISIONS</u>

 Coverage afforded by this policy shall only apply to claims or suits which are first made against the Insured and reported to the company during the Policy Period or during the Discovery Period, if applicable.

 A. The Insured shall as soon as practicable give written notice to the Insurer of any incident or claim made against him which relates to the insurance afforded by this policy.

 B. In the event suit is brought against the Insured, the Insured shall immediately forward to the Insurer every demand, notice, summons or other process received by him or by his representatives.

C.  The Insured shall cooperate with the Insurer and, upon the Insurer's request, assist in making settlements, in the conduct of suits and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the Insured because of injury or damage with respect to which insurance is afforded under this policy; and the Insured shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses. The Insured shall not, without written consent of the Insurer, except at his own cost, make any payment, admit any liability, assume any obligation or incur any expense other than for first aid to others at the time of an accident.

D.  If, during the policy period or during the discovery period, if applicable:

1.  The Insured shall receive written or oral notice from any third party that it is the intention of such third party to hold the Insured responsible for the results of any Environmental Impairment for which coverage is afforded under this policy; or

2.  The Insured shall become aware of any Environmental Impairment which may subsequently give rise to a claim being made against the Insured;

and shall in either case during such period give written or oral notice; then any claim which may subsequently be made against the Insured arising out of such Environmental Impairment shall for the purpose of this policy be treated as a claim made during the currency of this policy.

E.  In the event of any payment under this policy, the Insurer shall be subrogated to all the Insured's rights of recovery against any person or organization, and the Insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The Insured shall do nothing after the claim to prejudice such rights.

- 9 -

IX. DEFINITIONS

For the purpose of this policy:

A. Environmental Impairment is defined as:

1. The emission, discharge, dispersal, disposal, seepage, release or escape of any liquid, solid, gaseous or thermal irritant, contaminant or pollutant into or upon land, the atmosphere or any watercourse or body of water;

2. The generation of smell, noises, vibrations, light, electricity, radiation, changes in temperature or any other sensory phenomena; arising out of or in the course of the Insured's operations, installations or premises all as designated in the Declarations.

B. The word "Claim" comprises any single claim or any series of claims from one or multiple claimants resulting from the same isolated, repeated or continuing Environmental Impairment.

C. The term "Personal Injury" means bodily injury, mental anguish, shock, sickness, disease, disability or death at any time resulting therefrom.

D. The term "Property Damage" means physical injury to or physical destruction of tangible property, including impairment or loss of use of such tangible property whether or not physically injured or destroyed.

E. Claims defense costs and expenses shall include:

1. Fees charged by any attorney designated by the Insurer.

2. Fees charged by any attorney designated by the Insured with written consent of the Insurer.

F. Policy Period means the period from the inception date of this policy to the policy expiration date as set forth in the Declarations.

G. The term "Deepwater Ports" means installations having no structural connections with dry land, for charging and discharging vessels in the open sea.

X.  DISCOVERY PERIOD CLAUSE

   In the event the Insurer refuses to renew this policy coverage will be extended for a discovery period of six (6) months, but solely with respect to liability arising out of Environmental Impairment which had occurred prior to the expiration date of this policy.

   Extensions of the aforementioned discovery period may be made available to the Insured at the Insurer's discretion for an additional premium to be determined by the Insurer.

XI. CANCELLATION

   A.  By The Named Insured

       This policy may be cancelled by the Named Insured through:

       1.  Surrender of the original policy to the Insurer or,

       2.  By mailing to the Insurer written notice stating when thereafter such cancellation shall be effective.

   B.  By The Insurer

       This policy may be cancelled by the Insurer through:

       1.  Mailing to the Named Insured written notice stating when not less than thirty (30) days thereafter, such cancellation shall be effective or,

       2.  If the Insured fails to pay any premium or deductible when due, by mailing to the Named Insured written notice stating when, not less than ten (10) days thereafter, such cancellation shall be effective.

       The mailing of notice as aforementioned shall be sufficient notice and the effective date of cancellation stated in any notice shall become the end of the policy period. Delivery of such written notice to the Named Insured or the Insurer shall be deemed the equivalent to mailing.

C.  CANCELLATION PREMIUM ADJUSTMENT

    1. If cancelled by the Insured, the Insurer shall retain the customary short rate proportion of the premium.

    2. If cancelled by the Insurer, the earned premium shall be computed pro rata.

    3. Premium adjustment may be made at the time cancellation is effected or as soon as practicable thereafter.

By: _____    BY: _____
               Secretary                                  President

ENDORSEMENT

In consideration of the premium at which this policy is issued and subject to the Insurer's acceptance of coverage prior to receipt of an engineering survey, it is agreed that continuation of coverage under this policy is subject to the following additional conditions:

1. Receipt and acceptance, by the Insurer, of a satisfactory engineering survey of the Insured's operations as covered by this policy within ninety (90) days of the policy effective date.

    Such survey to be performed by Continental Technical Services (CTEK) and/or any other engineering facility approved by the Insurer.

2. The Insured's compliance with any remedial recommendations resulting from the Insurer's evaluation of such engineering survey.

Failure of the Insured to comply with the above conditions will automatically void the policy cancellation provision and allow the Insurer to cancel or restrict coverage upon giving ten (10) days written notice to the Insured.