UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY,<br><br>        Plaintiff,<br>v.<br><br>THE BLACK & DECKER CORPORATION,<br>BLACK & DECKER, INC., BLACK & DECKER<br>(U.S.) INC., EMHART CORPORATION, and<br>EMHART INDUSTRIES, INC.,<br><br>        Defendants. | CIVIL ACTION<br>NO. 96-10804-DPW<br><br><br>NO. 1:04-CV-10651-DPW<br>(ANSONIA/DERBY) |

BLACK & DECKER'S REPLY MEMORANDUM IN
SUPPORT OF ITS MOTION FOR CONSIDERATION OF NEW
ISSUE REGARDING THE ONE-YEAR REPORTING PROVISION

INTRODUCTION

The Black & Decker Motion for Reconsideration of New Issue Regarding the One-Year Reporting Provision demonstrated that the one-year reporting provision was inapplicable to the suits filed by New Farrel and SHW. That provision applied only to injury "caused by exposure to conditions" over a period of time. The complaints alleged injury caused by a series of "physically and temporally distinct cause[s]", each of which caused a "legally discrete injury", not injury caused by exposure to conditions. See Bostik/Whitman Op. at 24-26.

The Liberty Mutual opposition does not rebut this showing. Instead, Liberty Mutual, without analysis, disregards the careful distinction the Court drew among injury caused by "continuous exposure", "repeated exposure" and "periodic frequent exposure" and the

Court's explanation that periodic frequent exposures differ from exposure to conditions over a period of time.  Bostik/Whitman Opinion at 24-26.  Liberty Mutual errs in asserting that the Court lacks the authority to consider a new issue pertinent to its interlocutory order on summary judgment motions.  A court may reconsider an interlocutory order until the entry of judgment.

## ARGUMENT

### A.   The Court Has Authority To Consider The New Issue

The Liberty Mutual argument that the Court lacks the authority to reconsider its decision prior to entry of judgment is erroneous.  Rule 59(e) of the Federal Rules of Civil Procedure, which applies to motions for new trials, is inapplicable as no final judgment has entered.  Accordingly, the cases, applying Rule 59, cited by Liberty Mutual are inapposite.  Here, the Court has entered an interlocutory order addressing summary judgment motions.  It has the authority to reconsider its order.  In ruling that a trial court permissibly exercised its discretion in reversing its earlier order denying a motion to dismiss, the court of appeals explained that "[i]nterlocutory orders, including denials of motions to dismiss, remain open to trial court reconsideration, and do not constitute law of the case".  Perez-Ruiz v. Crespo-Guillen, 25 F.3d 40, 42 (1st Cir. 1994).  See also Bethlehem Steel Export Corp. v. Redondo Construction Corp., 149 F.3d 319, 321 (1st Cir. 1998)(quoting the above statement from Perez Ruiz in holding that although summary judgment motions had been denied by one judge, another judge to whom the case was assigned "did not err in granting appellees' renewed motion for summary judgment once he was assigned the case").  See also Davis v. Lehane, 89

F.Supp.2d 142, 147 (D. Mass. 2000) ("A federal district court has the discretion to reconsider interlocutory orders and revise or amend them at any time prior to entry of judgment").

There is no impediment to the Court reaching the merits of whether the allegations of the complaints are within the scope of the one-year reporting provision.

B.   The One-Year Reporting Provision Is Inapplicable

The one-year reporting provision in certain policies that Liberty Mutual issued to Farrel contains the same policy language as the first sentence of the deemer clause in certain policies that Liberty Mutual issued to USM, i.e., injury "caused by exposure to conditions over a period of days, weeks, months or longer"[1]. At pages 7-9 of its memorandum, Liberty Mutual misconstrues the Court's ruling, in connection with the deemer clause, that injury "caused by exposure to conditions over a period of days, weeks, months or longer" does not include injury from "periodic, frequent exposure to various separate (even if materially identical) injurious causes". Bostik/Whitman Op. at 25. The one-year reporting provision expressly applies only to "injury … which is caused by exposure to conditions over a period of days, weeks, months, or longer".

Liberty Mutual acknowledges that the Court ruled that "periodic, frequent exposure to various separate (even if materially identical) injurious causes" does not come within the meaning of the second sentence of the deemer clause (LM Mem. at 9). Liberty

---

[1]   The one-year reporting provision has a comma after "months"; the deemer clause does not contain that comma.

3

Mutual then errs in suggesting[2], without explanation, that the second sentence of the deemer clause does not apply to "exposure to conditions over a period of days, weeks, months, or longer." That assertion disregards the meaning of "such" in the second sentence of the deemer clause. The first sentence of the deemer clause (quoted at page 19 of the Bostik/Whitman Opinion) addresses injury "caused by exposure to conditions over a period of days, weeks, months or longer". The second sentence of the deemer clause refers to "such continuous or repeated exposure". Accordingly, "such" clearly means the exposure addressed in the immediately preceding sentence of the deemer clause. Liberty Mutual does not suggest that "such" has any other meaning. Accordingly, the Court has ruled that injury from "periodic, frequent exposure to various separate (even if materially identical) injurious causes" is not injury caused by "exposure to conditions over a period of days, weeks, months, or longer". That policy language has the same meaning when it appears in a deemer clause and when it appears in the one-year reporting provision.

There is an additional basis for finding the one-year reporting provision inapplicable. As previously mentioned, that provision refers to "exposure to conditions over a period of days, weeks, months, or longer". In the Bostik/Whitman Opinion the Court noted a distinction between "continuous" and "repeated" exposure to conditions. The umbrella excess insurance policies that Liberty Mutual issued to Farrel provide that "all personal injury and property damage arising out of <u>continuous</u> <u>or</u> <u>repeated</u> exposure to substantially the same general conditions … shall be considered as the result of one and the same occurrence".

---

[2] Liberty Mutual makes such a suggestion by emphasizing the words "second sentence of the deemer clause", but does not, and can not, draw a distinction between the exposures mentioned in the first two sentences of the deemer clause.

(emphasis supplied)[3]. Continuous exposure may logically be interpreted as "a single continuous exposure", the first type of exposure addressed at pages 24-25 of the Bostik/Whitman Opinion. The failure of the Liberty Mutual insurance policies to state that "continuous" exposure in the one-year reporting provision includes "repeated" <u>exposures,</u> as well as "continuous" <u>exposure</u> indicates ambiguity in the policy language that must be construed in favor of the insured. E.g., <u>Cmty. Action for Greater Middlesex County, Inc. v. American Alliance Ins. Co.</u>, 757 A.2d 1074, 1081 (Conn. 2000); <u>Hansen v. Ohio Cas. Ins. Co.</u>, 687 A.2d 1262, 1265-1266 (Conn. 1996). Liberty Mutual may not assert that this ambiguous policy language is construed to cover both a single continuous exposure and repeated exposures.

      C.      The Complaints Alleged Injury Outside The Scope Of The One-year Reporting Provision

At page 3 of its motion, Black & Decker quoted numerous allegations in the New Farrel and SHW complaints that are consistent with the "periodic frequent exposure" that is not continuous exposure. The allegations in the complaints are consistent with such events as "workers dumping solvent into waste pits or floor drains … or pipes repeatedly bursting and spilling oil, even if they burst quite frequently" that the Court ruled are not caused by continuous exposure to conditions over time. Bostik/Whitman Op. at 25-26.

Liberty Mutual points out allegations that it deems to be within the scope of the one-year reporting provision. Even if Liberty Mutual's construction of the allegations it quotes

---

[3] An excess umbrella policy is Exhibit B to the Appendix to the Black & Decker Memorandum in Opposition to the Liberty Mutual Motion for Summary Judgment Allocating and Limiting Damages Payable for the Ansonia and Derby Sites. The quoted language is on page 2672 of the exhibit.

5

were correct, the presence of those allegations would not absolve Liberty Mutual of the duty to defend. As the Court stated in its summary judgment opinion regarding the Farrel claims, "[t]he insurer can avoid the duty to defend only by 'demonstrat[ing] that the allegations in the underlying complaints are "<u>solely and entirely</u>" within specific and unambiguous exclusions from the policy's coverage'" (Farrel Op. at 24, emphasis supplied). See also Bostik/Whitman Op. at 26 (deemer provision inapplicable as "at least for some aspects of injury at each site, the damage was caused by many individual instances of small-scale exposure, each causing an independent injury").

Moreover, even the allegations cited by Liberty Mutual, at page 11 of its memorandum, are consistent with the "periodic, frequent exposure to various separate (even if materially identical) injurious causes" that is outside the scope of the one-year reporting provision. It cites allegations about "hazardous substances, which had been <u>spilled, released or disposed</u> into the environment" and that "assets" and "groundwater" "<u>were contaminated</u> with heavy metals, polychlorinated biphenyls and other pollutants". Such allegations are consistent with periodic frequent exposure such as occurred at Bostik and Whitman. Thus, under the settled rule that the duty to defend lies "'[i]f an allegation of the complaint falls even possibly within the scope of coverage,'" even if the allegation was "'gossamer thin.'" (Farrel Op. at 24-25), those allegations must be construed to include injury outside the scope of the one-year reporting provision.

## CONCLUSION

For the foregoing reasons and those stated in the Black & Decker motion to consider a new issue, the Court should grant Black & Decker's motion for partial summary

judgment as to both the duty to defend and the duty to indemnify for the SHW complaint and the New Farrel federal complaint under the 1961-1967 Farrel policies and deny the Liberty Mutual motion for partial summary judgment with respect to the SHW complaint and the New Farrel federal complaint under those policies.

Respectfully submitted,

/s/ Jack R. Pirozzolo
Jack R. Pirozzolo, BBO# 400400
Richard L. Binder, BBO# 043240
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470