PACIFIC INSURANCE COMPANY   (Swett & Crawford) EIL Policy

## ENVIRONMENTAL PROTECTION LIABILITY

THIS IS A CLAIMS MADE POLICY for which coverage is limited to claims first made against the Insured during the Policy Period.

## D E C L A R A T I O N S

--------------------------------------------------------------

I.  NAMED INSURED:                     _____

II.  P. O. ADDRESS:                    _____
                                       _____
                                       _____
                                       _____

--------------------------------------------------------------

II.  POLICY PERIOD:          From _____ to _____
                             12:01 A.M. standard time at the address of
                             the Named Insured above.

--------------------------------------------------------------

IV.  BUSINESS OF INSURED:              _____
                                       _____
                                       _____

V.  LOCATIONS COVERED:                 _____
                                       _____
                                       _____
                                       _____
                                       _____

--------------------------------------------------------------

VI.  LIMITS OF LIABILITY     1.  $_____ any one claim
                             2.  $_____ aggregate for
                             Policy Period or Annual Period
                             whichever is shorter.

--------------------------------------------------------------

VII.  DEDUCTIBLE:            The Insured shall, in respect of any one
                             claim bear:
                                 The first $ _____.

--------------------------------------------------------------

VIII.  PREMIUM:              $ _____ M&D
       ADJUSTABLE RATE:      _____ per _____.

                             _____
                             Authorized Representative

ENVIRONMENTAL PROTECTION LIABILITY

In consideration of the payment of the premium, in reliance upon the statements in the Declarations made a part hereof and subject to the terms, conditions and limitations expressed herein the Insurer agrees with the Named Insured as follows:

I.  INSURING AGREEMENTS

    A.  To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay for compensatory but <u>not punitive or exemplary damages</u> as a result of CLAIMS FIRST MADE AGAINST THE INSURED DURING THE POLICY PERIOD OR WITHIN THE DISCOVERY PERIOD, IF APPLICABLE, FOR:

        1.  Personal Injury

        2.  Property Damage

        3.  Impairment or diminution of or other inter-ference with any other environmental right or amenity protected by law;

    caused by Environmental Impairment and arising out of or in the course of the Insured's business and/or locations both as specifically designated in the Policy Declarations.

    B.  The Insurer shall further reimburse the Insured for costs and expenses of operations designed to remove, neutralize or clean up <u>outside of the Insured's premises</u> any substance released or escaped which had caused Environmental Impairment, or could cause Environmental Impairment if not removed, neutralized or cleaned up, to the extent that such costs and expenses have been incurred or have become payable by the Insured as a result of a legal obligation or in an endeavor to avert a loss covered by this policy, provided that such costs and expenses, except in respect of emergency measures undertaken to avert loss, are incurred with prior written consent of Insurer, such consent not to be unreasonably withheld.

    C.  <u>In addition to the applicable Limit</u> of Liability as stated in Item VI of the Policy Declarations, the Insurer shall, with respects to coverage afforded by this policy, pay for <u>defense costs</u> and expenses incurred from the defense of any suit against the Insured including the appeal thereof.  The Insurer shall further have the right and duty to defend such suits whether or not the allegations of such suits are groundless, false or fraudulent and may make such investigation and settlement of any claim or suit as it deems expedient.

If a suit should be brought against the Insured on any claim falling within the coverage afforded by this policy seeking both compensatory and punitive damages, the Insurer will defend such suit, but will not be responsible for that portion of a judgment or settlement, if any, attributable to punitive or exemplary damages.

The Insurer shall not be obligated to pay any claim or judgment or to defend or continue to defend any suit or claim after the applicable limit of Insurer's liability has been exhausted by payment of judgments or settlements.

## II. EXCLUSIONS

This policy does not apply to:

A. Any liability of the Insured directly or indirectly occasioned by, happening through or in consequence of war, invasion, acts of foreign enemies, hostilities (whether war be declared or not), civil war, rebellion, revolution, insurrection, military or usurped power or confiscation or nationalization or requisition or destruction of or damage to property by or under the order of any government or public or local authority.

B. Liability in respect of any legal liability of whatsoever nature directly or indirectly caused by or contributed to, by or arising from:

1. Ionizing radiations or contamination by radioactivity from any nuclear fuel or from any nuclear waste from the combustion of nuclear fuel;

2. The radioactive, toxic, explosive or other hazardous properties of any explosive nuclear assembly or nuclear component thereof.

C. 1. Any obligation for which the Insured or any carrier as its Insurer may be held liable under Worker's Compensation, unemployment compensation or disability benefits law, or similar law.

2. Liability for personal injury to any employee of the Insured arising out of and in the course of his employment by the Insured.

-- 2 --

D.   Liability arising out of Environmental Impairment, which impairment is attributable to the Insured's noncompliance with any valid and applicable statute, regulation or written instruction relating to Environmental Impairment issued by a competent authority, if, after such non-compliance becomes actually known by any officer or director of the Insured or any employee with specific responsibility for environmental control, the Insured fails to take reasonable and necessary action, in a timely and proper manner, to rectify such noncompliance.

PROVIDED ALWAYS, that until the next renewal date of this policy, this exclusion shall not apply to the Insured's noncompliance to the extent such is covered by a compliance schedule or program or waiver of compliance contained in a permit, order or other valid instruction of a competent governmental authority.

E.   Any amount which the Insured may become obligated to pay for fines or statutory penalties whether imposed by law or otherwise.

F.   Liability for or costs or expenses of or in connection with:

  1.   Correcting pre-existing conditions at any premises owned, leased or rented by the Insured or for which the Insured may otherwise be responsible,

  2.   Any clearing-up operations reasonably considered to be routine and normal in connection with the business of the Insured,

  3.   Upgrading, monitoring, neutralizing, restoring, land-filling, cleaning-up or inactivating any waste disposal sites used directly or indirectly by the Insured or for which they may otherwise be responsible.

PROVIDED ALWAYS, that notwithstanding this exclusion (F1, 2 & 3) the coverage provided by this insurance shall apply, subject to the terms and conditions of the policy, to Environmental Impairment arising away from any such premises or outside of any such disposal sites designated in Item V of the Declarations.

G.   Liability arising from any dumping of toxic or radioactive substances in the open sea.

- 3 -

Unless specifically endorsed hereon, this policy further does not apply to:

H.  Liability arising from the ownership, possession or use by or on behalf of the Insured of:

1.  Any automobile (meaning a land motor vehicle, trailer or semi-trailer designed for travel on public roads and subject to motor vehicle registration), including any machinery or apparatus attached thereto;

2.  Any vessel or craft made or intended to float on or in or travel through water, air or space;

3.  Oil or gas drilling platforms situated offshore,

4.  Deep water ports.

I.  Liability arising from the ownership, possession or operation of airports.

J.  Liability arising from Environmental Impairment due to a sudden, unintended and unexpected happening.

K.  Liability of others assumed by the Insured under contract or agreement, unless such liability would have attached to the Insured even in the absence of such agreement.

L.  Liability arising from:

1.  Any commodity, article or thing including containers thereof, manufactured, supplied, repaired, altered or treated by the Insured and happening elsewhere than at the Insured's premises after the Insured has ceased to own and exercise physical control over such commodity, article or thing.

2.  Any operations, installations, erections, repairs or treatments performed elsewhere than at the Insured's premises by the Insured for others after such operations, installations, erections, repairs or treatments have been completed.

M.  Liability in respect of damage to property:

- 4 -

1. Owned or occupied by or rented to the Insured;

2. Used by the Insured; or

3. In the care, custody or control of the Insured or as to which the Insured is for any purpose exercising physical control; provided, however, that this exclusion does not apply to property while within or upon premises owned by or rented to the Insured for the parking of automobiles.

III. TERRITORY

A. The insurance afforded by this policy applies to claims brought in the United States of America, its territories or possessions and Canada, arising out of Environmental Impairment occurring within the United States of America, its territories or possessions and Canada.

IV. THE INSURED

A. The unqualified word "Insured" wherever used in this policy includes not only the Named Insured as stated in the Policy Declarations, but also:

1. Any officer, director or stockholder of the Named Insured while acting within the scope of his duties as such, and if the Named Insured is or includes a partnership or joint venture, any partner or member thereof, but only with respect to his liability as such.

2. Any employee of the Named Insured while acting within the scope of his duties as such.

3. Any person or organization while acting as agent with respect to real estate management for the Named Insured.

4. Any person, organization, trustee, executor or administrator of an estate to whom the Named Insured is obligated by virtue of a written contract or agreement to provide insurance such as is afforded by this policy, but only

- 5 -

with respect to operations by or on
behalf of the Named Insured or to
facilities owned or used by the Named
Insured;

PROVIDED, however, that coverage
afforded by this policy does not apply
to the conduct of any partnership or
joint venture of which the Insured is
a partner or member and which is not
designated in the Declarations as a
Named Insured.

## V.  DEDUCTIBLE

The deductible amount as stated in Item VII of the Policy
Declarations shall be paid by the Named Insured and shall
be applicable to each Environmental Impairment and shall
include loss payments, claim expenses and clean-up costs,
whether or not loss payment is actually made.  The Insurer
may pay any part or all of the deductible amount to effect
settlement of any claim or suit and upon notification of the
action taken, the Named Insured shall within ten (10) days
of such notification, reimburse the Insurer for such part of
the deductible amount as has been paid by the Insurer.

## VI.  LIMITS OF LIABILITY

A.  The liability of the Insurer for CLAIMS FIRST MADE
AGAINST THE INSURED DURING THE POLICY PERIOD is
limited as follows:

1.  The total liability of the Insurer for
all claims including clean-up costs
incurred hereunder as a result of each
Environmental Impairment shall not
exceed the Limit of Liability as stated
in Item VI-1 of the Policy Declarations.

2.  Subject to the above provision regarding
each Environmental Impairment, the total
liability of the Insurer shall not exceed
the Limit of Liability as stated in Item
VI-2 of the Policy Declarations as
aggregate.

The inclusion or addition of more than
one Insured shall not operate to increase
the Insurer's Limits of Liability as stated
in the Policy Declarations.

VII.  CONDITIONS

A.  This policy and the Declarations shall be read
    together as one contract and any word or expression
    to which a specific meaning has been attached in any
    part of this policy or of the Declarations shall bear
    such specific meaning wherever it may appear.

B.  The statements in the application and Policy
    Declarations are the Insured's agreements and
    representations and this policy is issued in
    reliance upon the truth of such representations
    and embodies all agreements existing between the
    Insured and the Insurer or any of their agents
    relating to this insurance.

C.  No action shall lie against the Insurer unless, as
    a condition precedent thereto, the Insured shall
    have fully complied with all the terms of this
    policy, nor until the amount of the Insured's
    obligation to pay shall have been fully and finally
    determined either by judgment against the Insured
    after actual trial or by written agreement of the
    Insured, the claimant and the Insurer.

D.  If the premium for this policy has been calculated
    on any estimates furnished by the Insured, the
    Insured shall keep an accurate record containing
    all particulars relative thereto and shall at all
    times allow the Insurers to inspect such records.
    The Insured shall, within ninety (90) days from
    the expiry of the policy period furnish to the
    Insurer such particulars and information as the
    Insurer may require.  The premium for such period
    shall thereupon be adjusted and the difference
    paid by or allowed to the Insured, as the case may
    be.

E.  This policy shall not be called upon in contribution
    and no liability shall attach hereunder for any
    injury, loss, damage, costs or expenses recoverable
    under any other insurance inuring to the benefit of
    the Insured, unless such other insurance is written
    as specific excess insurance over the Limits of
    Liability provided by this policy.

F.  If at any time a change shall occur materially
    varying any of the facts declared to the Insurer
    prior to the inception of this policy, or if the
    Insured shall subsequently receive information
    indicating a material increase in the exposures
    to which this policy relates, the Insured shall,
    within thirty (30) days of such change or
    information becoming known, give notice in

writing to the Insurer and the terms of this policy shall then be subject to renegotiation with regard to any new, additional or increased exposures resulting from such change or information.

G. The Insurer or its representative, (as designated by the Insurer in writing), shall at all reasonable times have access to the Insured property to which this policy relates, for the purpose of conducting inspections. Such access and inspections shall always be carried out without detriment to the health and safety of persons or the orderly conduct of operations on the Insured's premises. All such inspections shall be in the presence of a designated representative of the Insured. In the event of any defect or danger being apparent to the Insurer which the Insured can reasonably be expected to correct or minimize, the Insurer, without prejudice to the provisions of Exclusion D may give notice in writing to the Insured, and thereupon all liability of the Insurer in respect of such defect or danger or arising therefrom shall be suspended until the same be corrected or minimized to the satisfaction of the Insurers.

Neither the right of the Insurer or any person or organization to make such inspections nor the making thereof nor any report thereof shall constitute an undertaking on behalf of or for the benefit of the Insured or others to determine or warrant that such property is safe or in compliance with any law, rule or regulation.

H. Assignment of interest under this policy shall not bind the Insurer unless its consent is endorsed hereon.

VIII.  CLAIM OR SUIT PROVISIONS

Coverage afforded by this policy shall only apply to claims or suits which are first made against the Insured and reported to the company during the Policy Period or during the Discovery Period, if applicable.

A. The Insured shall as soon as practicable give written notice to the Insurer of any incident or claim made against him which relates to the insurance afforded by this policy.

B. In the event suit is brought against the Insured, the Insured shall immediately forward to the Insurer every demand, notice, summons or other process received by him or by his representatives.

- 8 -

C.   The Insured shall cooperate with the Insurer and, upon the Insurer's request, assist in making settlements, in the conduct of suits and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the Insured because of injury or damage with respect to which insurance is afforded under this policy; and the Insured shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses. The Insured shall not, without written consent of the Insurer, except at his own cost, make any payment, admit any liability, assume any obligation or incur any expense other than for first aid to others at the time of an accident.

D.   If, during the policy period or during the discovery period, if applicable:

   1.   The Insured shall receive written or oral notice from any third party that it is the intention of such third party to hold the Insured responsible for the results of any Environmental Impairment for which coverage is afforded under this policy; or

   2.   The Insured shall become aware of any Environmental Impairment which may subsequently give rise to a claim being made against the Insured;

   and shall in either case during such period give written or oral notice; then any claim which may subsequently be made against the Insured arising out of such Environmental Impairment shall for the purpose of this policy be treated as a claim made during the currency of this policy.

E.   In the event of any payment under this policy, the Insurer shall be subrogated to all the Insured's rights of recovery against any person or organization, and the Insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The Insured shall do nothing after the claim to prejudice such rights.

IX.  DEFINITIONS

For the purpose of this policy:

A.  Environmental Impairment is defined as:

  1.  The emission, discharge, dispersal, disposal, seepage, release or escape of any liquid, solid, gaseous or thermal irritant, contaminant or pollutant into or upon land, the atmosphere or any watercourse or body of water;

  2.  The generation of smell, noises, vibrations, light, electricity, radiation, changes in temperature or any other sensory phenomena; arising out of or in the course of the Insured's operations, installations or premises all as designated in the Declarations.

B.  The word "Claim" comprises any single claim or any series of claims from one or multiple claimants resulting from the same isolated, repeated or continuing Environmental Impairment.

C.  The term "Personal Injury" means bodily injury, mental anguish, shock, sickness, disease, disability or death at any time resulting therefrom.

D.  The term "Property Damage" means physical injury to or physical destruction of tangible property, including impairment or loss of use of such tangible property whether or not physically injured or destroyed.

E.  Claims defense costs and expenses shall include:

  1.  Fees charged by any attorney designated by the Insurer.

  2.  Fees charged by any attorney designated by the Insured with written consent of the Insurer.

F.  Policy Period means the period from the inception date of this policy to the policy expiration date as set forth in the Declarations.

G.  The term "Deepwater Ports" means installations having no structural connections with dry land, for charging and discharging vessels in the open sea.

X.   DISCOVERY PERIOD CLAUSE

In the event the Insurer refuses to renew this policy
coverage will be extended for a discovery period of
six (6) months, but solely with respect to liability
arising out of Environmental Impairment which had
occurred prior to the expiration date of this policy.

Extensions of the aforementioned discovery period may
be made available to the Insured at the Insurer's
discretion for an additional premium to be determined
by the Insurer.

XI.  CANCELLATION

A.   By The Named Insured

This policy may be cancelled by the Named
Insured through:

1.   Surrender of the original policy to the
     Insurer or,

2.   By mailing to the Insurer written
     notice stating when thereafter such
     cancellation shall be effective.

B.   By The Insurer

This policy may be cancelled by the Insurer
through:

1.   Mailing to the Named Insured written
     notice stating when not less than
     thirty (30) days thereafter, such
     cancellation shall be effective or,

2.   If the Insured fails to pay any
     premium or deductible when due, by
     mailing to the Named Insured written
     notice stating when, not less than
     ten (10) days thereafter, such
     cancellation shall be effective.

The mailing of notice as aforementioned shall
be sufficient notice and the effective date of
cancellation stated in any notice shall become
the end of the policy period. Delivery of such
written notice to the Named Insured or the
Insurer shall be deemed the equivalent to
mailing.

C.  CANCELLATION PREMIUM ADJUSTMENT

1.  If cancelled by the Insured, the Insurer shall retain the customary short rate proportion of the premium.

2.  If cancelled by the Insurer, the earned premium shall be computed pro rata.

3.  Premium adjustment may be made at the time cancellation is effected or as soon as practicable thereafter.

By: _____        BY: _____
            Secretary                              President

## ENDORSEMENT

In consideration of the premium at which this policy is issued and subject to the Insurer's acceptance of coverage prior to receipt of an engineering survey, it is agreed that continuation of coverage under this policy is subject to the following additional conditions:

1. Receipt and acceptance, by the Insurer, of a satisfactory engineering survey of the Insured's operations as covered by this policy within ninety (90) days of the policy effective date.

   Such survey to be performed by Continental Technical Services (CTEK) and/or any other engineering facility approved by the Insurer.

2. The Insured's compliance with any remedial recommendations resulting from the Insurer's evaluation of such engineering survey.

Failure of the Insured to comply with the above conditions will automatically void the policy cancellation provision and allow the Insurer to cancel or restrict coverage upon giving ten (10) days written notice to the Insured.

Exhibit F

Form EIL 881

# Environmental Impairment Liability Policy

**THIS IS A CLAIMS MADE POLICY and is limited to Claims first made against the Insured during the policy period.**

## DECLARATIONS

SPECIMEN COPY

**Named Insured:**

**Address:**

**Business of Insured:**

**Locations:**

**Territorial Limits:**

| | | |
|---|---|---|
| **Limits of Liability:** | **(a)** | **any one Claim** |
| | **(b)** | **aggregate for each Policy Period or each Annual Period, whichever is shorter.** |

**Deductibles:**    **The Insured shall, in respect of any one Claim bear:**

**The first**

**Policy Period:**

SPECIMEN COPY

**From:**    This is a continuous policy subject to 45 days notice of cancellation at the anniversary date.

**The first anniversary date is:**

12.01 a.m. standard time at the address of the Insured stated above.

**Annual Premium:**    subject to annual premium review.

1. In consideration of the Premium and subject to the limitations, terms and conditions herein expressed, the Insurers agree to indemnify the Insured against all sums which the Insured shall be obligated to pay for damages by reason of the liability imposed upon the Insured by law or on account of:—

    (a)  Personal Injury;

    (b)  Property Damage;

    (c)  Impairment or diminution of or other interference with any other environmental right or amenity protected by law;

    arising within the Territorial Limits designated in the Declarations and caused by Environmental Impairment in connection with the Business of the Insured at the locations designated in the Declarations and in respect of which a claim has been made against or other due notice has been received by the Insured during the Policy Period.

2. In the event of liability arising as a result of the Insured being held responsible under the concept of joint and several liability for Environmental Impairment caused or contributed to by others Insurers shall indemnify the Insured for such Environmental Impairment Liability including such liability as has been accepted by the Insured under any written contractual agreement existing prior to such Environmental Impairment.

3. Insurers shall reimburse the Insured for costs and expenses of operations designed to remove, neutralize or clean up any substance released or escaped which has caused Environmental Impairment, or could cause Environmental Impairment if not removed, neutralized or cleaned up to the extent that such costs and expenses have been incurred or have become payable by the Insured either in the endeavour to avert or reduce a loss covered by this Policy or for operations outside the Insured's premises as a result of legal obligation provided that such costs and expenses, except in respect of emergency measures undertaken to avert a loss, are incurred with prior written consent of Insurers, such consent not to be unreasonably withheld.

4. Insurers shall reimburse the Insured for all costs and expenses of litigation incurred by the Insured with the written consent of insurers in the defence of any claim covered by this Policy. If suit shall be brought against the Insured on any claim falling within the coverage hereof seeking both damages and fines or penalties then the Insurers will be liable for all costs and expenses of the defence to this action, but without any liability whatsoever for such fines or penalties.

5. In the event that Insurers decline to renew this Policy a discovery period of a minimum period of 12 months shall be made available to the Insured at an additional premium of not more than half of the annual premium but only as respects liability arising out of Environmental Impairment which had occurred prior to the expiration date of this Policy. The Insured must exercise the right to such discovery period before expiry of this policy.

## II EXCLUSIONS

This Policy shall not apply to or include Liability for, nor costs and expenses of or in connection with:—

1. Except in respect of occurrences taking place in the United States of America, its territories or possessions, or Canada, any Environmental Impairment directly or indirectly occasioned by, happening through or in consequence of war, invasion, acts of foreign enemies, hostilities (whether war be declared or not), civil war, rebellion, revolution, insurrection, military or usurped power or confiscation or nationalization or requisition or destruction of or damage to property by or under the order of any government or public or local authority.

2. Environmental Impairment of whatsoever nature directly or indirectly caused by or contributed to, by or arising from:—

    (a)  ionizing radiations or contamination by radioactivity from any nuclear fuel or from any nuclear waste from the combustion of nuclear fuel;

    (b)  the radioactive, toxic, explosive or other hazardous properties of any explosive nuclear assembly or nuclear component thereof.

3. (a)  Any obligation for which the Insured or any carrier as its insurer may be held liable under Worker's Compensation, unemployment compensation or disability benefits law, or similar law;

    (b)  personal injury to any employee of the Insured arising out of and in the course of his employment by the Insured; provided however, that this exclusion does not apply to liability of others assumed by the Insured under contract or agreement.

4. Environmental Impairment arising out of the Insured's noncompliance with any valid and applicable statute, regulation or written instruction relating to Environmental Impairment issued by competent authority, if, after such noncompliance becomes actually known by any officer or director of the Insured or any employee with specific responsibility for environmental control, the Insured fails to take reasonable and necessary action, in a timely and proper manner, to cure such noncompliance PROVIDED ALWAYS, that until the next renewal date of this Policy, this exclusion shall not apply to the Insured's noncompliance to the extent such is covered by a compliance schedule or programme or waiver of compliance contained in a permit, order or other valid instruction of competent governmental authority.

5. Any amount which the Insured may become obligated to pay for fines or penalties.

6. (a)  Improving pre-existing conditions at any premises owned, leased or rented by the Insured or for which the Insured may otherwise be responsible in order to maintain or obtain compliance with any valid and applicable statute, regulations or written instructions issued by competent authority;

    (b)  any cleaning-up operations reasonably considered to be routine and normal in connection with the business of the Insured;

    (c)  upgrading, monitoring, neutralizing, restoring, landfilling, cleaning up or inactivating any waste disposal sites used directly or indirectly by the Insured or for which they may otherwise be responsible.

    PROVIDED ALWAYS that notwithstanding this exclusion the cover provided by this insurance shall apply, subject to the terms and conditions of this Policy, to Environmental Impairment Liability arising away from any such premises or outside of any such disposal sites.

7. *Environmental Impairment arising from:—*

    (a)  *any commodity, article or thing supplied, repaired, altered or treated by the Insured and happening elsewhere than at the Insured's premises after the Insured has ceased to own and exercise physical control over that commodity, article or thing supplied, repaired, altered or treated.*

    (b)  *any operations, installations, erections, repairs or treatments performed elsewhere than at the Insured's premises by the Insured for others after such operations, installations, erections, repairs or treatments have been completed.*

*Exclusions printed in italics may be deleted or amended by endorsemen*

8. *Environmental Impairment caused by a sudden and accidental happening whether the Environmental Impairment is sudden and accidental or not.*

9. *Heritable genetic damage or teratagenic damage to persons, animals or plants.*

10. *Damage to property:*

    (a) *owned or occupied by or rented to the Insured; or*

    (b) *used by the Insured; or*

    (c) *in the care, custody or control of the Insured or as to which the Insured is for any purpose exercising physical control; provided however, that this exclusion does not apply to property while within or upon premises owned by or rented to the Insured for the parking of automobiles.*

11. *Environmental Impairment arising from the ownership, possession or use by or on behalf of the Insured of:*

    (a) *any automobile (meaning a land motor vehicle , trailer or semi-trailer designed for travel on public roads and subject to motor vehicle registration), including any machinery or apparatus attached thereto;*

    (b) *any vessel or craft (other than hand-propelled boats) made or intended to float on or in or travel through water, air or space;*

    (c) *oil or gas drilling platforms situated offshore;*

    (d) *deep water ports.*

12. *Noise, vibration or sonic boom arising from the ownership, possession or operation of airports.*

13. *Environmental Impairment arising from the deliberate and intentional dumping or disposal of toxic or radioactive substances in the open sea.*

## III DEFINITIONS

For the purpose of this Policy:—

1. ENVIRONMENTAL IMPAIRMENT Is defined as:—

   (a) the emission, discharge, dispersal, disposal, seepage, release or escape of any liquid, solid, gaseous or thermal irritant, contaminant or pollutant into or upon land, the atmosphere or any watercourse or body of water;

   (b) the generation of smell, noises, vibrations, light, electricity, radiation, changes in temperature or any other sensory phenomena but not fire or explosion

   arising out of or in the course of the Insured's operations, installations or premises, all as designated in the Declarations.

2. BUSINESS OF THE INSURED shall include the provision and management of canteens, social, sports and welfare organizations for the benefit of the Insured's employees and first aid, fire and ambulance service.

3. The word "CLAIM" comprises any single claim or any series of claims from one or multiple claimants resulting from the same isolated, repeated or continuing Environmental Impairment.

4. The term "PERSONAL INJURY" means bodily injury, mental anguish, shock, sickness, disease or disability, including death at any time resulting therefrom.

5. The term "PROPERTY DAMAGE" means physical injury to or physical destruction of tangible property, including loss of use of tangible property whether or not physically injured or destroyed.

6. COSTS AND EXPENSES OF LITIGATION incurred by the Insured shall include all costs and expenses of litigation, compromise, settlement, adjustment and investigation of claims and suits which are incurred in connection with any claim as defined herein, but shall exclude the salaries of the Insured's permanent employees.

7. The unqualified word "INSURED" shall include not only the named Insured stated in the Declarations, but also:—

   (a) any officer, director, stockholder, partner or employee of the named Insured while acting in his capacity as such;

   (b) any organization or proprietor with respect to real estate management for the named Insured;

   (c) the personal representatives of the named Insured in respect of liability incurred by the named Insured;

   (d) any person, organization, trustee or estate to whom the named Insured stated in the Declarations is obligated by virtue of a written contract or agreement to provide insurance such as is afforded by this Policy, but only in respect of operations by or on behalf of the named Insured or of facilities of the named insured or used by them;

   PROVIDED ALWAYS that the inclusion or addition of more than one Insured shall not operate to increase the aggregate liability of the Insurers beyond the Limits of Liability stated in the Declarations; and PROVIDED FURTHER that each such insured shall be subject, insofar as applicable, to all the terms and conditions of this Policy.

8. The term "EACH ANNUAL PERIOD" shall mean each consecutive period of one year commencing from the inception date of this Policy.

9. The term "DEEP WATER PORTS" means installations having no structural connections with dry land, for charging and discharging vessels in the open sea.

10. The term "HERITABLE GENETIC DAMAGE" means any defect or abnormality which is passed on from one generation to another.

11. The term "TERATAGENIC DAMAGE" means any abnormality, deformity or damage to any foetus.

*Policy on payment of appropriate additional premium(s).*

## IV INTERPRETATIONS

With regard to the Indemnity provided for in the Insuring Agreements, it is expressly noted and agreed as follows:-

(a) Such indemnity shall not apply to any such costs and expenses incurred in respect of Environmental Impairment for which

    (i) claims are excluded in Section II hereof;

    (ii) claims covered by this Policy are combined with any claims excluded under Section II hereof (hereinafter referred to as "combined claims").

(b) In respect of any combined claims, the Insurers shall (subject to proof of loss and the Limits of Liability) reimburse the Insured for that portion of the costs and expenses here referred to which may be allocated to the claims covered by this Policy.

(c) Nothing herein shall override notices or other exclusions applying under this Policy.

2. In applying the Limits of Liability, any amounts payable by the Insurers in respect of the Indemnity provided in Insuring Agreements 1, 2, 3 and 4 shall be included and the amounts borne by the Insured in respect of the Deductibles shall be excluded from the calculation.

3. The Deductibles shall be applied to the total amount paid or payable by the Insured for damages, costs and/or expenses as referred to in Insuring Agreements 1, 2, 3 and 4 above in respect of any one claim.

## V CONDITIONS

1. This Policy and the Declarations shall be read together as one contract and any word or expression to which a specific meaning has been attached in any part of this Policy or of the Declarations shall bear such specific meaning wherever it may appear.

It is hereby agreed that the statements in the application and declaration and statements made to an ERAS surveyor are the Insured's agreements and representations and that this Policy is issued in reliance upon the truth of such representations and embodies all agreements existing between the Insured and the Insurers or any of their agents relating to this Insurance.

2. The Insured shall promptly give written notice in the event of any incident or claim or proceedings relating to the Insurance herein expressed as soon as the same shall have come to the knowledge of the Insured.

3. The Insured shall not, without the consent in writing of the Insurers, make any admission or negotiate any offer, promise or payment in connection with any incident or claim related to the Insurance herein expressed.

4. The Insurers shall be entitled, if they so desire, to take over and conduct, in the name of the Insured, the defence of any claim and shall have full discretion in the conduct of any proceedings and in the settlement of any claim, and the Insured shall give all such information and assistance as the Insurers may reasonably require.

5. The Insurers shall be entitled, if they so desire, to prosecute in the name of the Insured, at their own expense and for their own benefit, any claim for indemnity or damages or otherwise against any persons and the Insured shall give all such information and assistance as the Insurers may reasonably require.

6. In the event of any payment under this policy the Insurers shall be subrogated to all the Insured's rights of recovery therefore against any person or organisation and the Insured shall give all such information and assistance as the Insurers may reasonably require to secure such rights.

7. If the Premium for this Policy has been calculated on any estimates furnished by the Insured, the Insured shall keep an accurate record containing all particulars relative thereto and shall as at these times allow the Insurers to inspect such records.

If the premium for this Policy is adjustable the Insured shall, within 90 days from the expiry of each Policy Period (or each anniversary date when this policy is written for more than one year) or within such other period as may have been agreed in writing to furnish the Insurers such particulars and information as the Insurers may require. The Premium for such period shall thereupon be adjusted and the difference paid by or allowed to the Insured, as the case may be.

If such information is also required for annual premium review, the review must be completed by Insurers within 45 days of receipt of such information and any increase in premium at an annual review shall not be considered as a refusal to renew by Insurers.

8. This Policy shall not be called upon in contribution and no liability shall attach hereunder for any injury, loss, damage, costs or expense recoverable under any other insurance whether primary or excess insuring to the benefit of the Insured except as regards any excess over and above the amounts collectible under such other insurance; provided always that this clause shall not apply to any policy that is specifically arranged by the Insured to cover limits in excess of those stated in this Policy. Nothing herein shall be construed to make this Policy subject to the terms, conditions and limitations of any other insurance.

9. If, at any time or from time to time, any change shall occur materially varying any of the facts declared to the Insurers or ERAS Surveyor, if any, prior to the inception of this Policy, or if the Insured shall subsequently receive information of a material increase in the risks to which this Policy relates, the Insured shall, within thirty (30) days of such change or information becoming known, give notice in writing to the Insurers and the terms of this Policy shall then be subject to renegotiation with regard to any new, additional or increased exposures resulting from such change or information.

10. The Insurers or their representative shall at all reasonable times have free access to inspect any property and, in the event of any defect or danger being apparent to the Insurers which the Insured can reasonably be expected to correct or minimise, the Insurers, without prejudice to the provisions of Exclusion 4, may give notice in writing to the Insured, and thereupon all liability of the Insurers in respect of such defect or danger or arising therefrom shall be suspended until the same be corrected or minimised to the satisfaction of the Insurers.

Neither the rights of Insurers and any other person or organisation to make such inspections nor the making thereof nor any report thereon shall constitute an undertaking on behalf of or for the benefit of the Insured or others to determine or warrant that such property is safe or in compliance with any law, rule or regulation.

11. It is hereby agreed that should there be no judicial or otherwise official determination as to the allocation in case of "combined claims" as referred to in paragraph 1 of the Interpretation Section the Insured will submit such determination or allocation to arbitration to be conducted by an arbitrator acceptable to all Parties. Within the United States such arbitration is to be made by the American Arbitration Association.

12. Assignment of interest under this Policy shall not bind Insurers unless their consent is given in writing.

13. No action shall lie against Insurers unless, as a condition precedent thereto, there shall have been full compliance with all terms and conditions of this policy.

INTERNATIONAL INSURANCE CO./ISLIC  (Alexander Howden, Etc.) - EIL Application

# Pollution Liability & Cleanup Coverage
## PROPOSAL FORM

**Please complete a separate Proposal for each manufacturing location**

**1   Name and address of Proposer:**

**2   Name and address of location (if different from 1)**

**3   Name and address of Company legally responsible for the location (if different from 1)**

**4   a) Total number of people employed and wage roll at location:**

     i Non-manual     number          wages
     ii All others     number          wages

    **b) Gross Receipts**

**5   Products or finished goods produced and/or stored at location:**
(use separate sheet if space here provided insufficient)

Description                         Output per year         Maximum quantity
                                                   stocked any one time

**6   Please list:**

    a) Major raw materials used at location

    b) Raw materials used in minor quantities which constitute a hazard in the context of this proposal

Description                         Quantity used per year   Maximum quantity
                                                   stocked any one time

(use separate sheet if space here provided insufficient)

A-0613  Rev. 3/78

**7**  Has there been any change in process during the last 5 years that has altered (lessened or increased) the risk of environmental impairment?

If so, give details

**8**  Do you have an environmental safety committee or any employees vested with specific responsibility for environmental control?

If so, describe their duties and to whom they report

**9**  Are there any statutes, standards, or other regulations relating to the protection of the environment which apply to the location but with which you cannot at present comply?

If so, give details

**10**  Effluent discharge and other liquid waste:
Please complete the following schedule

| | Discharge to: | | | How many years have you so discharged? | Quantity last year |
|---|---|---|---|---|---|
| | Sewer | River | Sea | | |
| Analysis (where known): | | | | | |
| Oxygen demand | | | | | |
| Suspended solids | | | | | |
| Temperature | | | | | |
| Toxic metals | | | | | |
| Cyanide | | | | | |
| Pesticides/Herbicides | | | | | |
| Other organic chemicals | | | | | |
| Grease/oil | | | | | |
| Nutrients | | | | | |
| pH (measurement of acidity or alkalinity in any liquid solution) | | | | | |

**11**  Effluent semisolid and solid waste removed other than by discharge to sewer, river or sea:

Quantity per year

Composition

Who removes it?
If not yourselves, for how long have they carried out this task?

Where is it deposited?

Who owns the tip(s)?

How long have tips been used for your waste?

**12**  Air emissions:

Nature of any emissions

Quantity (where known)

Composition (where known)

Number and height of chimneys and other extraction units that vent into the open

Are you required to comply with any emission standards?

Have you ever had complaints about smell noise or dirt from the location?

**13  Waste treatment plant (if any):**

Supply main technical data, year of installation and of last inspection/overhaul/adaptation and whether in use always or only intermittently:

To reduce the concentration of contaminants in the effluent

To reduce air emission

To recycle, re-use or separate out materials from the process wastes

**14  Pipelines and storage tanks:**
Please supply details of:

Type, capacity and content of storage tanks at location

Dimensions, lengths and purpose of any pipelines leading to and/or from the location

**15  The location's environment:**
Distance from location to any of the following:

|  | less than 3 miles | radius 3 to 13 miles |
|---|---|---|
| Agriculture | | |
| Industry | | |
| Residential area | | |
| Tourist/recreation area | | |
| Forests | | |

Are there any nature conservation areas within 13 miles radius or in or surrounding a waterway into which you discharge?

If so, please describe

Please describe nature of other industries located within radius of 3 miles.

**16  Record:**

Have you during last 5 years been prosecuted for contravention of any standard or law relating to the release from the location of a substance into sewers rivers sea air or on to land?

If so, give details

Have you during last 5 years been claimed against by Third Parties for injury or damage or nuisance caused by operations at the location?

If so, give details

At the time of signing this proposal, are you aware of any environmental impairment arising from operations at the location that may give rise to a claim in the future?

If so, give details

**17  Extent of cover :**

Certain standard exclusions contained in the Policy Form EIL 1276 may be deleted upon satisfactory additional information being supplied and subject to an appropriate additional premium. Indicate which of the exclusions listed hereafter you require to be deleted and give brief reasons for your request.

| Exclusions to be deleted | Reason for this request |
| --- | --- |
| Exclusion 5 (a) | |
| Exclusion 5 (b) | |
| Exclusion 5 (c) | |
| Exclusion 6 | |
| Exclusion 7 | |
| Exclusion 8 | |
| Exclusion 9 | |
| Exclusion 10 | |
| Exclusion 11 | |

**18  Limit of indemnity required:**

I/We declare that the above statements and particulars are true and that I/We have not suppressed or mis-stated any facts which we consider material. I/We agree that this declaration shall become a part of the contract between me/us and the Insurers.

Signed on behalf of the Proposers on (date) ............................................................................................

By ..................................................................          ..................................................................

(Please enclose any brochure describing the operations carried out at the location if available)

**19**                              **SUPPLEMENT TO**

**ENVIRONMENTAL IMPAIRMENT LIABILITY INSURANCE**
**(Non Marine Pollution Liability & Cleanup)**

**COVERAGE PROPOSAL FORM**

Please complete the following:

A) Complete description of proposer's business.

B) Have any processes or products or activities been discontinued during the last five years? Should any of the above apply, please give details.