UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, | ) | CIVIL ACTION |
| | ) | NO. 96-10804-DPW |
| Plaintiff, | ) | |
| | ) | Case No. 1:04-CV-10651-DPW |
| v. | ) | (Ansonia/Derby, CT Site) |
| | ) | |
| THE BLACK & DECKER CORPORATION, | ) | |
| BLACK & DECKER, INC., BLACK & DECKER | ) | |
| (U.S.) INC., EMHART CORPORATION, and | ) | |
| EMHART INDUSTRIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## BLACK & DECKER'S MEMORANDUM IN OPPOSITION TO THE LIBERTY MUTUAL MOTION FOR FURTHER DISCOVERY REGARDING COSTS INCURRED AT THE ANSONIA AND DERBY SITES

### INTRODUCTION

Black & Decker has provided Liberty Mutual with extensive discovery concerning the damages in connection with the Ansonia and Derby sites. The Liberty Mutual Insurance Motion Pursuant to Rule 56(f) for Further Discovery Regarding Costs Incurred at the Ansonia and Derby Sites fails to describe particular discovery, allegedly not provided, that is pertinent to issues raised by the affidavits that Black & Decker submitted in opposition to the Liberty Mutual summary judgment regarding allocation and non-cumulation.

### BACKGROUND

Liberty Mutual initially moved for summary judgment in February, 1998. Following this Court's ruling granting in part Black & Decker's summary judgment motion, Liberty Mutual on September 9, 2004, again moved for summary judgment. Black & Decker filed its opposition to the later-filed summary judgment motion, together with, inter alia, an affidavit of Jeffrey J.

Loureiro, the professional engineer in charge of investigation and remediation at the sites.  Black & Decker demonstrated in its opposition that the analytical and engineering costs that it incurred in connection with investigating the Farrel sites prior to April 30, 2000 are properly characterized as defense costs.  It also demonstrated that the indemnification costs it incurred in remediating numerous discrete areas at those sites arose from separate occurrences for purposes of non-cumulation clauses in the applicable policies.

## **ARGUMENT**

The purpose of Rule 56(f) of the Federal Rules of Civil Procedure is to provide a "procedural escape hatch" to a party genuinely in need of additional time "to marshal facts essential to justify its opposition" to a motion for summary judgment.  Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Elec. Co., 840 F.2d 985, 988 (1st Cir. 1988).  Liberty Mutual filed this lawsuit in 1996.  There has been extensive discovery.  Black & Decker has exhaustively produced documentation supporting its damages calculations on numerous occasions.  Liberty Mutual has conducted the depositions of persons knowledgeable about the invoices and work at Ansonia and Derby.  A motion pursuant to Rule 56(f) is inappropriate in this context.

A party seeking to invoke Rule 56(f) must (1) make a timely proffer, (2) show good cause for the movant's failure to have conducted the desired discovery at an earlier date, (3) present a plausible basis for its belief that previously undisclosed or undocumented facts exist that would likely raise a genuine and material issue, and (4) show that the facts can be secured by further discovery, and (5) show that, if obtained, there is some credible prospect that the new evidence will create a triable issue of fact.  See Massachusetts School of Law at Andover, Inc. v.

American Bar Association, 142 F.3d 26, 44 (1st Cir. 1998) and cases cited therein. Liberty Mutual cannot make the necessary showings, particularly with respect to items 3 through 5.

Liberty Mutual bases its motion on the affidavit of one of its expert witnesses, Peter Alvey. The gravamen of the Alvey affidavit appears to be that discovery is needed to determine whether costs are for investigation. Mr. Alvey prepared two expert reports in which he categorized the pertinent invoices into a number of categories, including investigation costs. Since he had sufficient information to prepare an expert report, it is hard to see why additional discovery is required. Black & Decker produced voluminous invoices to Liberty Mutual in 1996 and 1998. In March 2002, Black & Decker compiled all existing invoices site-by-site and produced them to Liberty Mutual along with tables summarizing their contents and giving totals for each site, including the Ansonia and Derby sites. Black & Decker has continued to produce invoices on an ongoing basis through the date on which the Loureiro affidavit was prepared. If Mr. Alvey did not receive copies of the invoices that were produced, that is not a basis for discovery from Black & Decker.[1] In fact, Black & Decker has provided extensive discovery concerning damages in connection with Farrel and has explained that Liberty Mutual's perception that documents have not been produced results from the failure of Liberty Mutual and its expert witnesses to review documents that have been produced. As Mr. Alvey concedes in paragraph 2 of his affidavit, he has already reviewed "extensive" documentation prepared by Loureiro Engineering Associates.

---

[1]    The invoices relating to the investigation and remediation of the Ansonia and Derby sites are listed in Ex. G to the Appendix to Black & Decker's Opposition. Even so, Mr. Alvey fails to state what documentation he believes is "missing" or the invoices to which the "missing" documentation pertains.

The second subject raised in the Alvey affidavit is that the work areas at Farrel have not been identified. In fact, the various remedial areas are identified in reports that have been produced and in an affidavit of Mr. Loureiro dated April 13, 2004.

In short, Liberty Mutual has not presented a plausible basis for its assertion that undisclosed or undocumented facts exist that would likely raise a genuine material issue. Liberty Mutual has not shown that new facts can be secured by further discovery and it has not shown that new facts would create a triable issue of fact. The problem is compounded by the failure of Liberty Mutual to identify with particularity new discovery that it seeks. Black & Decker has consistently provided all reasonable discovery regarding Farrel.

## CONCLUSION

For the foregoing reasons, Liberty Mutual's Motion Pursuant to Rule 56(f) for Further Discovery Regarding Costs Incurred at the Ansonia and Derby Sites should be denied.

Respectfully submitted,

Dated: January 19, 2005

/s/ Jack R. Pirozzolo
Jack R. Pirozzolo BBO# 400400
Richard L. Binder BBO# 043240
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470